[Civ. No. 850.    Fifth Dist.    Aug. 20, 1968.]

LAWRENCE MARTIN, Plaintiff and Appellant, v. CITY OF MADERA, Defendant and Respondent.

Walkup, Downing, Wallach & Sterns and William B. Boone for Plaintiff and Appellant.

Harold A. Parichan and R. W. Levy for Defendant and Respondent.

GARGANO, J.—Plaintiff appeals from a judgment of the superior court denying his petition to present a late claim against the City of Madera after the statutory period of 100 days had expired but before the expiration of one year from the date of the accrual of the cause of action.

On July 15, 1966, plaintiff made application to the Madera City Council for leave to present a late claim on a cause of action for personal injuries. He alleged that he became seriously ill on August 13, 1965, as a result of drinking water from the City of Madera water supply which the city had negligently allowed to become contaminated. The city denied the application on August 15, 1966.

Plaintiff then filed a petition in the Superior Court of Madera County for leave to present a late claim. Plaintiff asserted that he was physically and mentally incapacitated during all of the 100-day period specified by Government Code section 911.2, and his failure to file a timely claim was the result of mistake, inadvertence and excusable neglect. The petition was also accompanied by the affidavits of Drs. Hyde and Bick.

In their affidavits both doctors affirmed that plaintiff had been acutely ill with gastroenteritis. Dr. Hyde stated he saw plaintiff on about ten occasions between August 13, 1965, and December 10, 1965, and during that time he was ill and required a great deal of rest. The doctor opined that plaintiff did not sufficiently recover to permit him to become involved in any type of activity which might cause anxiety, nervousness or concern, including matters such as legal procedures, until the last week in May 1966. Dr. Bick stated that he saw plaintiff at irregular intervals up to May 26, 1966. It was his opinion that from August 13, 1965, to May 26, 1966, the best interest of plaintiff prevented his becoming involved in litigation or any other type of activity which might cause anxiety or a feeling of apprehension.

Plaintiff was the only witness to testify during the hearing on his petition. He testified as follows. He was 55 years of age and the sole owner of a retail pump business in Madera with four to seven employees. He did not know he had only 100

days in which to file a claim against the city. He became ill on August 13, 1965, after drinking contaminated city water and was admitted to the hospital a few days later where he remained for approximately one week. After he was released from the hospital he stayed in bed for another four to five weeks. He returned to work approximately five weeks after August 15, for about half an hour a day and gradually increased it as time went on. In October of 1965, however, he ceased the short trips to his office due to a heart seizure. In November he again began visiting his office for brief periods. By December of 1965 he was spending two or three hours a day at his business, and by May of 1966 he was working six hours a day. However, he claimed he did not perform his normal duties when he was at his office because he was extremely depressed, anxious and exasperated by small details. He opined he was not physically and mentally capable of coping with legal matters, and he testified Dr. Bick told him he was in no physical or mental condition to engage in legal matters until the beginning of July.

At the conclusion of the hearing the trial judge denied plaintiff leave to file a late claim. The trial judge found the petitioner's failure to present the claim was not due to mistake, inadvertence, surprise or excusable neglect nor was it the result of a physical or mental disability. The trial judge also found plaintiff did not make application to the City of Madera to file a late claim within a reasonable time after the cause of action accrued.

Once again we are called upon to interpret the uniform procedure adopted by the Legislature in 1963 for making claims against the state and its local public entities. And as usual, we are primarily concerned with construing Government Code sections 945.4 and 946.6. Section 945.4 bars claims for money or damages against both the state and local public entities until they are presented to the state or the public entity and the public entity acts upon or denies the claim. Section 946.6 enables the superior court to grant a petitioner leave to file a late claim under certain specified conditions, and it provides in pertinent part:

"  .    .    .    .    .    .    .    .    .    .    .

"(c) The court shall relieve the petitioner from the provisions of Section 945.4 if the court finds that the application to the board under Section 911.4 was made within a reasonable time not to exceed one year after the accrual of the cause of

action and was denied or deemed denied pursuant to Section 911.6 and that:

"(1) The failure to present the claim was through mistake, inadvertence, surprise or excusable neglect unless the public entity establishes that it would be prejudiced if the court relieves the petitioner from the provisions of Section 945.5; or

". . . . . . . . . . .

"3. The person who sustained the alleged injury, damage or loss was physically or mentally incapacitated during all of the time specified in Section 911.2 for the presentation of the claim and by reason of such disability failed to present a claim during such time; or . . ."

It is now settled the showing required of a petitioner seeking relief because of mistake, inadvertence, surprise or excusable neglect under Government Code section 946.6 is the same as required under section 473 of the Code of Civil Procedure for relieving a party from a default judgment (*Viles* v. *State of California,* 66 Cal.2d 24, 29 [56 Cal.Rptr. 666, 423 P.2d 818]). It is also the rule that the decision as to whether the petitioner will be relieved of his default lies within the discretion of the trial court and that appellate courts will not reverse except for an abuse of discretion. Even so, this latter rule "does not preclude reversal of an order denying relief where adequate cause for such relief is shown by uncontradicted evidence or affidavits of the petitioner, nor should it be employed to defeat the liberal policies of remedial statutes designed for that purpose." (*Viles* v. *State of California, supra,* 66 Cal.2d 24, 28.) Thus, "denials of such relief by the trial court are scanned more carefully than cases where the court granted the relief, to the end that wherever possible cases may be heard on their merits, and any doubts which may exist should be resolved in favor of the application." (*Viles* v. *State of California, supra,* 66 Cal.2d 24, 29.)

Mere ignorance of the law, at least where coupled with negligence in failing to look it up, is not sufficient cause to allow a petitioner to file a late claim against a public entity (*Tammen* v. *County of San Diego,* 66 Cal.2d 468, 476 [58 Cal.Rptr. 249, 426 P.2d 753]; *Security Truck Line* v. *City of Monterey,* 117 Cal.App.2d 441, 445 [256 P.2d 366, 257 P.2d 755]). Consequently, the fact alone that plaintiff did not know he was required to file a claim against the City of Madera within 100 days from August 13, 1965, in order to preserve his cause of action against the city was not, of itself,

a sufficient reason for the trial judge to find excusable neglect under paragraph (c)(1) of section 946.6.

Even if the trial judge viewed plaintiff's evidence in the light most favorable to plaintiff, he could reasonably have found plaintiff was not totally physically or mentally incapacitated during the entire 100-day period to such a degree as would prevent his consulting a lawyer. Thus, plaintiff did not establish the degree of physical or mental incapacity sufficient, as a matter of law, to excuse his omission under paragraph (c)(3).

When all of the circumstances of the instant case are carefully considered, it is arguable that plaintiff's failure to file a claim within the 100-day period prescribed by section 911.2 was excusable under paragraph (c)(1) of section 946.6. In other words, when plaintiff's mental and physical condition are coupled with his ignorance of the law and lack of legal training, arguably those circumstances constitute sufficient evidence for the court to find plaintiff acted as a reasonable and prudent person would have acted under similar circumstances. At least it is unlikely that we would have disturbed the trial judge's discretion had he so found.

Be this as it may, after weighing the evidence the trial judge found against plaintiff on this issue. The trial court also found plaintiff did not clear the second hurdle of section 946.6 since he did not make an application to file a late claim within a reasonable time after the accrual of his cause of action; he did not make his application to file a late claim until July 15, 1966, more than 11 months after he became ill (see *Viles* v. *State of California, supra,* 66 Cal.2d 24; *Tammen* v. *County of San Diego, supra,* 66 Cal.2d 468).[1] And, even if we should disagree with the trial judge's decision on either of these two crucial issues, we would be reluctant to hold that he abused his discretion. But in no event can we hold that plaintiff's more than 11-month delay was reasonable as a matter of law. As the court stated in *Pope* v. *County of Riverside,* 219 Cal.App.2d 649, 650-652 [33 Cal.Rptr. 491]: ''To establish a fact as a matter of law the state of the evidence must be such that no other conclusion is legally deduci-

---

[1]It is now clear that a person seeking to file a late claim must surmount two hurdles. As the Supreme Court said in *Tammen* v. *County of San Diego, supra,* 66 Cal.2d 468, 474: ''A person seeking leave to file a late claim must show *both* (1) that the application to the board was made within a reasonable time not to exceed one year after the accrual of the cause of action *and* (2) that he falls within one of the . . . alternative situations . . ,''

ble therefrom. [Citations.] Where the evidence relied upon to establish a fact conflicts with other evidence, bears conflicting interpretations, may be the basis for conflicting inferences, or may be disbelieved because, although without conflict, there is a rational ground for doing so, the issue presented may not be determined as a matter of law.''

Plaintiff was the sole proprietor of a rather substantial business with four to seven employees. By November (well within the 100-day period) he was spending at least one hour a day at his business. In January he was spending approximately four hours a day at the business and increased this time to six hours per day by May 1. Thus, the judge could reasonably have found that plaintiff was apparently capable of attending to a rather demanding business, to some extent at least, from November to January, and to a substantial extent during the six-month period from January to July despite his testimony that he was extremely depressed, anxious and exasperated by small details and not physically or mentally capable of coping with legal matters during this period. The trial judge could have readily inferred that plaintiff, for a substantial part of every day for six months, was reasonably capable of attending to his business affairs with the care and diligence of persons in average good health (see *Tammen* v. *County of San Diego, supra,* 66 Cal.2d at p. 475). Moreover, as a business man, plaintiff was presumably accustomed to dealing with numerous business details including legal and similar matters. Yet he did not even call a lawyer to inquire about his rights until July 1966 even though he spent considerable time attending to other vexing business details. Had he consulted a lawyer (even by telephone) it would have been a relatively simple matter for the lawyer to protect plaintiff's rights without involving him in troublesome litigation until he was physically capable to cope with the litigation.

In addition, the affidavits of plaintiff's two doctors are not persuasive. Neither contains a comprehensive diagnosis of plaintiff's physical or mental condition between the period from January 1966 to May 26, 1966. For example, Dr. Hyde stated that he saw plaintiff on about ten occasions between August 13, 1965, and December 10, 1965. The doctor, however, did not state that he saw plaintiff at any time from December 10, 1965, to May 26, 1966, or whether he knew that plaintiff was working at his business at least six hours a day during most of this period. Moreover, both doctors were vague as to what they meant when they stated that plaintiff should not

become involved in legal matters or procedures. And, significantly, neither doctor stated what advice, if any, he gave to the plaintiff in this respect. And even though the doctors' affidavits were uncontradicted the trier of fact, as long as he was not acting arbitrarily, was not required to accept what the doctors averred (*Tammen* v. *County of San Diego,* 66 Cal.2d 468, 477 [58 Cal.Rptr. 249, 426 P.2d 753]).

Finally, there is an unexplained conflict between the plaintiff's testimony and the logical inference which arises from Dr. Bick's affidavit. Dr. Bick stated that the best interest of plaintiff prevented his becoming involved in litigation until May 26, 1966. However, plaintiff testified that Dr. Bick told him he was in no physical or mental condition to become involved in legal matters until approximately the 1st of July.

The judgment is affirmed.

Conley, P. J., and Stone, J., concurred.