[Civ. No. 38557. Second Dist., Div. One. Dec. 29, 1971.]

SHERYL CLARK et al., Plaintiffs and Appellants, v.
CITY OF COMPTON, Defendant and Respondent.

524

## COUNSEL

Mink & Neiman and Harry H. Kahn for Plaintiffs and Appellants.

Buck & Smith and Richard E. Smith for Defendant and Respondent.

## OPINION

**LILLIE, J.**—Plaintiffs appeal from order denying their petition for relief from filing their claim against defendant municipality. (Gov. Code, § 946.6.) Plaintiffs, while operator and passenger (respectively) of a Chevrolet automobile, were injured when the vehicle was struck by a Southern Pacific railroad train at a certain intersection within the limits of defendant city; although Southern Pacific was named as a defendant, plaintiffs also sought to hold defendant municipality because it allegedly failed, contrary to certain Vehicle Code sections, to post proper railroad signs and devices warning motorists of oncoming trains.

The accident occurred on January 9, 1970, but the complaint for per-

sonal injuries was not filed until December 28 of that year. Previous to such filing, on December 17, plaintiffs through present counsel made application to present their claim to defendant city more than 100 days after the accrual of the cause of action. (Gov. Code, § 911.4.) Supporting this application was declaration of attorney Neiman to the effect that within one week after the accident claimants (plaintiffs) had retained attorney Lester Berman to represent them in all matters pertaining thereto; that at said time both claimants were hospitalized and totally incapable of processing their cases, remaining "incapacitated and ill for a period exceeding 100 days after the accident"; that thereafter claimants cooperated fully with Berman, giving him all the information they possibly could and on numerous occasions attempted to contact Berman, but he was either out of his office or "too busy to talk to them"; that on December 11 claimants requested him (Neiman) to represent them, and on December 14 he secured the file from Berman's office; and on such latter date he discovered, through a phone call to Berman's office, that no claim had been filed against the municipality. By letter dated January 18, 1971, Neiman was notified that the above application was rejected, and on February 3 the instant petition for relief was filed.

Supporting the petition was the declaration of Mr. Neiman repeating substantially that contained in his prior declaration, and the declaration of plaintiffs. In pertinent part it was stated by plaintiffs that they received serious injuries and were hospitalized after the accident; they retained attorney Berman within one week thereafter, at which time he represented to them that he was an "expert" in "these types of cases and that he was thoroughly familiar with the procedures and law relative to train collision cases"; they gave him all the information they had and felt that he would properly protect their interests; they had no knowledge or experience relative to accident cases and claims against public entities, and relied upon Berman's representation that he would "take care of everything"; thereafter they continuously attempted to contact Berman, but on almost every occasion were told he was either out of the office or too busy to talk to them; although they left their number, he never returned their calls; on one occasion, an investigator for Berman told plaintiffs that they had nothing to worry about, that the firm had great experience in railroad cases and that "everything was being taken care of." Reference is then made in their declaration to retaining Mr. Neiman and to the matters mentioned in his declaration. Finally, plaintiffs declared that defendant municipality would not be prejudiced by the relief therein sought since its police department had investigated the accident and prepared a complete accident report.

Both sides agree that the showing required under the government statute (Gov. Code, § 946.6) is the same as that where relief is sought under section 473, Code of Civil Procedure. (*Viles* v. *State of California,* 66 Cal.2d 24, 29 [56 Cal.Rptr. 666, 423 P.2d 818]; *Tammen* v. *County of San Diego,* 66 Cal.2d 468, 475 [58 Cal.Rptr. 249, 426 P.2d 753].) Thus, section 946.6 expressly provides that a petitioner shall be relieved from the requirement of filing a claim at all if the court finds that a previous application to file a late claim was made within a reasonable time (not to exceed one year) after the cause of action accrued, and thereafter denied, and that the failure to present such claim sooner was due to mistake, inadvertence, surprise or excusable neglect, unless the public entity establishes that it would be prejudiced by the granting of the motion. ██ *Tammen* declares that a person seeking the relief here sought must show "*both* (1) that the application [to file a late claim] . . . was made within a reasonable time not to exceed one year after the accrual of the cause of action *and* (2) that he falls within one of the four alternative situations set forth in subdivision (b)."[1] (P. 474.) ██ Of those four "situations," two only are here applicable: the failure (to file sooner) was due to mistake, inadvertence, etc., or the claimant was physically or mentally incapacitated during the statutory 100 days and by reason thereof failed to present his claim. ██ As shown in *Tammen,* as well as *Viles,* it is also the rule that the determination as to whether a person will be relieved of his default lies within the discretion of the trial court, and appellate courts will not reverse except for an abuse of such discretion. *Viles,* however, declares that this latter rule "does not preclude reversal of an order denying relief where adequate cause for such relief is shown by uncontradicted evidence or affidavits of the petitioner, nor should it be employed to defeat the liberal policies of remedial statutes designed for that purpose." (*Viles* v. *State of California, supra,* 66 Cal.2d at pp. 28-29.)

██ In the present case the trial court made no findings, nor did it otherwise indicate in writing the reasons for the denial of the petition; in such circumstances, therefore, it does not appear whether the trial court felt that petitioner failed to surmount one or both of the two hurdles mentioned above in *Tammen.* However, a reporter's transcript of the hearing on the petition has been made part of the record; such transcript discloses that defendant municipality argued the applicability of *Black* v. *County of Los Angeles,* 12 Cal.App.3d 670 [91 Cal.Rptr. 104], decided by this court, and upon denial of the petition the trial court stated, "I think that

---

[1] The court in *Tammen* was concerned with section 912, Government Code, which was repealed and replaced by section 946.6; in pertinent part such former section is not dissimilar from its successor (§ 946.6).

the *Black* case is probably controlling." This statement becomes significantly important since *Black* discusses all the decisions bearing upon the instant problem, including *Martin* v. *City of Madera,* 265 Cal.App.2d 76 [70 Cal.Rptr. 908].

In *Martin* v. *City of Madera, supra,* 265 Cal.App.2d 76, the trial court expressly found that neither of the two *Tammen* hurdles was overcome, and the reviewing court affirmed. There, as here (as well as in *Tammen*), the petitioner delayed some 11 months before applying for leave to file a late claim. After observing that "even if we should disagree with the trial judge's decision . . . we would be reluctant to hold that he abused his discretion." (P. 80.) The reviewing court concluded that "in no event can we hold that plaintiff's more than 11-month delay was reasonable as a matter of law." (P. 80.) In support of the foregoing conclusion the court quoted from *Pope* v. *County of Riverside,* 219 Cal.App.2d 649, 650-652 [33 Cal.Rptr. 491] (which case was cited in *Tammen* with respect to Mrs. Tammen's physical or mental incapacity to file her claim sooner): " 'To establish a fact as a matter of law the state of the evidence must be such that no other conclusion is legally deducible therefrom. [Citations.] Where the evidence relied upon to establish a fact conflicts with other evidence, bears conflicting interpretations, may be the basis for conflicting inferences, or may be disbelieved because, although without conflict, there is a rational ground for doing so, the issue presented may not be determined as a matter of law.' " (Pp. 80-81.) There is a variance (by omission) between the declaration made by plaintiffs and those of their substituted attorney (Mr. Neiman) which could properly have called for the application of the principles quoted above. Neiman specifically stated that his clients were incapacitated "for a period exceeding 100 days after the accident," while plaintiffs themselves did not so declare, limiting themselves to the less specific statement that they "received serious injuries . . . and were hospitalized." In *Camp* v. *Ortega,* 209 Cal.App.2d 275, 281-282 [25 Cal.Rptr. 837] (likewise mentioned in *Tammen*) the court referred to the exceptions to the general rule that the unimpeached and uncontradicted testimony of a witness may not be arbitrarily disregarded; such exceptions include omissions in a witness' account of a particular transaction so as to discredit his whole story, and a witness' natural interest or bias, giving a wrong coloring to material facts, also warranting rejection of such testimony.

 As above stated, the same showing is required under section 946.6 as that required on a motion under section 473, Code of Civil Procedure, including the requirement of reasonable diligence in applying for relief. (Van Alstyne, Government Tort Liability (Cont. Ed. Bar) p. 392.) If the

facts show that the claimant had consulted an attorney only recently and that counsel acted with reasonable diligence in prosecuting the late claim, such application would ordinarily suffice. (See *Morrill* v. *City of Santa Monica,* 223 Cal.App.2d 703 [35 Cal.Rptr. 924].) ■ Here, of course, plaintiffs admittedly consulted their first attorney within one week after the cause of action accrued; they then waited almost 11 months to consult Mr. Neiman. "It is not the purpose of section 473 of the Code of Civil Procedure to permit the setting aside of judgments 'which are the result of inexcusable . . . neglect of *defendants, themselves, or* of their attorneys in the performance of the latter's obligations to their clients.' [Citations.]" (Italics added.) (*Stahl* v. *Fahrman,* 126 Cal.App.2d 755, 758 [272 P.2d 927].) It was further pointed out in *Benjamin* v. *Dalmo Mfg. Co.,* 31 Cal. 2d 523, 532 [190 P.2d 593], that in measuring the respective remissness of attorney and client, the "same rules" prevail. The trial judge in the present case, exercising the discretion vested for the purpose of the instant motion, could have accorded credence to portions of the supporting papers, and he could have done otherwise with other such portions; as a result he could "reasonably [have] concluded that appellant[s] did not meet the burden of establishing by a preponderance of the evidence that [their] failure to present [their] claim within the 100-day period might have been the conduct of . . . reasonably prudent person[s] under the circumstances." (*Black* v. *County of Los Angeles, supra,* 12 Cal.App.3d at p. 677.)

Since, for the reasons above stated, we cannot disturb the implied finding that plaintiffs did not fulfill the requirement of reasonable diligence in applying for permission to file a late claim, the first of the *Tammen* hurdles, our inquiry into the merits of this appeal would ordinarily not necessitate review of the additional claim, argued *pro* and *con,* regarding the second *Tammen* hurdle—the failure to file the claim within the statutory time limit was due to excusable neglect or physical or mental incapacity. ■ As a general rule, neglect authorizing relief under section 473, Code of Civil Procedure, may not be predicated upon that of the party's attorney unless shown to be excusable (*Benjamin* v. *Dalmo Mfg. Co., supra,* 31 Cal.2d 523, 532), because the negligence of the attorney in the premises is imputed to his client and may not be offered by the latter as a basis for relief. (*Wyoming Pacific Oil Co.* v. *Preston,* 171 Cal. App.2d 735, 749 [341 P.2d 732].) However, excepted from the above rule are those instances in which the attorney's neglect is in an extreme degree amounting to positive misconduct, and the person seeking relief is relatively free from negligence. (*Orange Empire Nat. Bank* v. *Kirk,* 259 Cal.App.2d 347, 353 [66 Cal.Rptr. 240]; *Daley* v. *County of Butte,* 227 Cal.App.2d 380, 391 [38 Cal.Rptr. 693].) This exception is predi-

cated on the concept that the attorney's conduct obliterates, in effect, the existence of the lawyer-client relationship and, for such reason, his negligence should not be imputed to the client. Plaintiffs here rely heavily on the *Orange Empire* and *Daley* decisions, contending that their former attorney (Berman) was guilty, as found in each of the above cases, of "positive misconduct." In our view the instant case does not disclose the aggravated or unusual circumstances found in the above decisions; for example, in *Orange Empire,* unlike that here, there were repeated and affirmative misrepresentations by the attorney as to the actual facts at hand. Furthermore, as impliedly found by the trial court, the clients (plaintiffs) did not act with due diligence in seeking to discover their attorney's neglect and moving for relief thereafter.

The order is affirmed.

Wood, P. J., and Clark, J., concurred.