[Civ. No. 48113. Second Dist., Div. Five. Dec. 7, 1976.]

WILLIAM J. LEAKE, a Minor, etc., et al., Plaintiffs and Appellants, v. LOUIS WU, Defendant and Respondent.

**COUNSEL**

Volodar S. Kuzyk and Joseph B. Alexander for Plaintiffs and Appellants.

Home & Clifford, Raymond R. Moore, Ellis J. Horvitz and Marjorie G. Romans for Defendant and Respondent.

**OPINION**

**ASHBY, J.**—Plaintiffs, the minor children of Elizabeth Brown, deceased, brought this action by their guardian ad litem for medical malpractice (wrongful death) against defendant Dr. Louis Wu.[1] Also named in the complaint, but not parties to this appeal, were another doctor, various Does, and Los Angeles County General Hospital (University of Southern California Medical Center). The deceased went

---

[1]Misspelled "Woo" in the complaint.

into a coma while undergoing surgery on September 27, 1973, and died on October 3, 1973. Dr. Wu was the anesthesiologist. The trial court granted summary judgment in favor of Dr. Wu, on the ground that Dr. Wu was a county employee and that plaintiffs had failed to comply with "the Claims Statute." Plaintiffs appeal.

Dr. Wu's declaration in support of the motion for summary judgment established that at the time of his alleged negligent conduct he was a full-time county employee acting in the course and scope of his employment.[2] Plaintiffs presented no evidence in opposition that Dr. Wu was not a full-time county employee or was not acting within the scope of his employment.[3] Dr. Wu's status as an employee of a public entity having been established by his uncontroverted declaration, plaintiffs were required to show compliance with Government Code section 911.2, requiring that a claim be filed with the county within 100 days.[4] Otherwise their suit is barred by Government Code sections 950.2[5] and 945.4.[6]

---

[2]Dr. Wu's declaration stated in part that at all relevant times "I was a full-time County employee. [¶] That all professional services rendered by me were done in the course and scope of my employment by the County of Los Angeles as a physician and surgeon. [¶] That I have never seen, met or treated the decedent herein, except in the course and scope of my employment by the County of Los Angeles."

[3]Plaintiffs did argue that Dr. Wu's declaration was defective in that his allegations of employment and acting within the scope of employment were mere conclusions. This contention was erroneous. (See *Vesely* v. *Sager,* 5 Cal.3d 153, 169 [95 Cal.Rptr. 623, 486 P.2d 151].)

[4]Government Code section 911.2 provides: "A claim relating to a cause of action for death or for injury to person or to personal property or growing crops shall be presented as provided in Article 2 (commencing with Section 915) of this chapter not later than the 100th day after the accrual of the cause of action. A claim relating to any other cause of action shall be presented as provided in Article 2 (commencing with Section 915) of this chapter not later than one year after the accrual of the cause of action."

[5]Government Code section 950.2 provides: "*Except as provided in Section 950.4,* a cause of action against a public employee or former public employee for injury resulting from an act or omission in the scope of his employment as a public employee is barred if an action against the employing public entity for such injury is barred under Part 3 (commencing with Section 900) of this division or under Chapter 2 (commencing with Section 945) of Part 4 of this division. This section is applicable even though the public entity is immune from liability for the injury." (Italics added.)

[6]Government Code section 945.4 provides: "Except as provided in Sections 946.4 and 946.6, no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board, in accordance with Chapters 1 and 2 of Part 3 of this division."

The dispositive issue therefore is whether plaintiffs' affidavits in opposition to the motion for summary judgment created a triable issue of fact (Code Civ. Proc., § 437c) as to plaintiffs' claim to fall within the exception provided by Government Code section 950.4.

Government Code section 950.4 provides: "A cause of action against a public employee or former public employee is not barred by Section 950.2 if the plaintiff pleads and proves that he did not know or have reason to know, within the period for the presentation of a claim to the employing public entity as a condition to maintaining an action for such injury against the employing public entity, as that period is prescribed by Section 911.2 or by such other claims procedure as may be applicable, that the injury was caused by an act or omission of the public entity or by an act or omission of an employee of the public entity in the scope of his employment as a public employee."

Under this code section, plaintiffs' cause of action was not barred if plaintiffs did not know or have reason to know, within the 100-day period specified in section 911.2, that Dr. Wu was an employee of a public entity, acting in the scope of his employment.[7]

The factual background as to this issue is as follows: The operation was on September 27, 1973, and decedent died on October 3, 1973. Plaintiffs filed their complaint for damages in the superior court within three weeks, on October 24, 1973. Named as defendants in the complaint were Dr. Wu, another doctor, various Does, and Los Angeles County General Hospital. Despite the fact that Los Angeles County General Hospital was named as a defendant, no claim was ever presented to the county.

The complaint did not allege that Dr. Wu was a county employee. Dr. Wu was not served with process until July 2, 1974. Dr. Wu answered the complaint on August 7, 1974. His answer stated: "Defendant LOUIS WU, M.D., an employee of the County of Los Angeles . . . answers the complaint as follows: [¶] . . . admits [*sic*] that defendants [*sic*] . . . were, at the times mentioned in the complaint, physicians and surgeons licensed to practice and practicing their professions in the County of Los Angeles, State of California, as employees of the County of Los Angeles; . . ."

[7]Our holding that plaintiffs had reason to know of Dr. Wu's status within the first 100 days renders it unnecessary to discuss whether, lacking such knowledge, plaintiffs would have been required to file a claim with the county upon learning of his status within the one-year period in which a late claim can be filed. (See 7 Cal. Law Revision Com. Rep. (1965) p. 425.)

Dr. Wu's motion for summary judgment was filed on May 8, 1975. In opposition to Dr. Wu's motion, plaintiffs submitted the following declarations: The guardian ad litem declared that he was a retired house painter with an eighth grade education, age 70, who was formerly married to decedent. He declared: "I didn't know that [Dr. Wu] claimed to be a County employee until he filed his answer about August 7, 1974, and didn't know that he claimed to be a 'full-time County employee' until after my attorney received his declaration with that statement on or about May 9, 1975, in support of motion. [¶] My attorney had attempted to learn of Dr. Wu's medical experience and association by serving and filing Interrogatories on him on March 3, 1975. At his request the time for answer thereto was extended to April 24, 1975. No answers were ever filed. Instead, on May 9, 1975 this motion was received." In a supplemental declaration he declared that "[p]rior [to] filing this action, based upon my experience with doctors I had always understood that they were licensed professionals, not controlled in their work by others, and were independent contractors, often performing medical services at more than one hospital."

The declaration of plaintiffs' attorney stated "[t]hat the first time that I became aware that defendant Wu claimed to be a County employee was when Dr. Wu on August 7, 1974, filed an answer to the complaint. He did so by 'admitting' such status, which was not alleged in the complaint because until that time I had always understood that, as a licensed physician and surgeon and especially as an anesthesiologist, he was an independent contractor, practicing his profession without the control involved in the 'employee' relationship. It was and is my understanding that the community so regards doctors, even those on hospital staffs. [¶] It has been my experience in many cases involving surgery (including but not limited to myself and wife) that anesthesiologists, (such as Dr. Wu) have submitted bills for their services in their professional capacity, separate from those received from the surgeon and the hospital, hence I did not know or have reason to know that Dr. Wu the anesthesiologist in this case was an employee of the County, and not an independent contractor, practicing his profession."

The trial court first instructed plaintiffs to file a petition for relief from late filing of claim, pursuant to Government Code section 946.6, in another department of the superior court.[8] The trial court then denied the motion for summary judgment, but upon reconsideration, granted it.

---

[8] That motion was subsequently denied.

## Discussion

■ We hold that the trial court properly granted summary judgment in favor of Dr. Wu. In order to establish an excuse from compliance with sections 911.2 and 950.2, plaintiffs were required to show that within the 100-day period they "did not know *or have reason to know*" that Dr. Wu was a county employee. (Gov. Code, § 950.4; italics added.)

Government Code section 950.4, like section 946.6, is a remedial statute intended to provide relief from technical rules which could provide " 'a trap for the unwary and ignorant claimant.' " (See *Viles* v. *State of California,* 66 Cal.2d 24, 30-31 [56 Cal.Rptr. 666, 423 P.2d 818].) In providing relief only for the plaintiff who did not know or *have reason to know* within 100 days that the defendant was an employee of a public entity, section 950.4 requires the exercise of due diligence within that time period by plaintiffs and their attorneys. As stated of section 946.6, "It is not the purpose of remedial statutes to grant relief from defaults which are the result of inexcusable neglect of parties or their attorneys in the performance of the latter's obligation to their clients." (*Tammen* v. *County of San Diego,* 66 Cal.2d 468, 478 [58 Cal.Rptr. 249, 426 P.2d 753]; *Shaddox* v. *Melcher,* 270 Cal.App.2d 598, 601 [76 Cal.Rptr. 80]; *Black* v. *County of Los Angeles,* 12 Cal.App.3d 670, 675 [91 Cal.Rptr. 104].) In *Tammen, Shaddox,* and *Black, supra,* relief under section 946.6 was held properly denied where the lateness of the claim was attributable to the failure of the parties' attorneys to conduct a reasonably prudent investigation of the circumstances of the accidents.

In this case the guardian ad litem properly and diligently placed the matter in the hands of an attorney within three weeks of the mother's death. Unfortunately, whatever possible claims plaintiffs might have had against the county and the doctors were thereafter lost by the inexcusable neglect of their attorney. Despite the fact that the county hospital was named as a defendant, no claim was ever filed with the county, and it appears that the county was never even served with summons and the complaint. The attorney apparently conducted no investigation, such as simple inquiry to the hospital, to determine whether the doctors might have been county employees. Instead, the attorney chose to rely solely on his understanding or personal experience that a doctor is an independent contractor. The attorney's failure to make even a minimal inquiry into the matter was not the conduct of a reasonably prudent person nor the type of mistake or neglect for which the statutes afford relief. (*Tammen* v.

*County of San Diego, supra; Shaddox* v. *Melcher, supra; Black* v. *County of Los Angeles, supra,* at pp. 675-677.) Reasonable diligence during the 100 days would have given plaintiffs reason to know of Dr. Wu's status, and therefore section 950.4 is inapplicable.

The judgment is affirmed.

Kaus, P. J., and Stephens, J., concurred.