[Civ. No. 5316, Fifth Dist. Mar. 31, 1980.]

CITY OF FRESNO, Petitioner, v.
THE SUPERIOR COURT OF FRESNO COUNTY, Respondent;
LYLON H. LINDBECK, Real Party in Interest.

COUNSEL

James A. McKelvey, City Attorney, and James C. E. Barclay, Assistant City Attorney, for Petitioner.

No appearance for Respondent.

Gerard, Sepulveda, Meyer & Gilmore, Vergil L. Gerard and Michael H. Meyer for Real Party in Interest.

OPINION

CONDLEY, J.*—Petitioner City of Fresno and Parking Authority of the City of Fresno seek a writ of mandate and/or prohibition commanding respondent court to vacate its order relieving Lylon H. Lindbeck, real party in interest, from relief from the claims requirement of Government Code section 945.4.

On January 21, 1979, real party in interest, Lylon H. Lindbeck, was on a visit to Fresno. He drove to the Fresno Hilton Hotel and registered. While waiting for a Hilton elevator in the underground garage in an area prominently marked as reserved for guests of the Fresno Hilton Hotel, he was beaten and robbed.

On or before May 21, 1979, Lindbeck employed Donald K. Marshall, attorney at law, to represent him. Mr. Marshall maintained his office at Madera, California. On May 21, 1979, Mr. Marshall filed a complaint for personal injury seeking damages as a result of the assault that took place in the underground garage. Named as defendants were the Stephens Investment Company, dba Fresno Hilton Hotel, does I through X, inclusive.

---

*Assigned by the Chairperson of the Judicial Council.

On July 23, 1979, Lindbeck filed a late claim with the City of Fresno. The claim was denied on August 7, 1979.

On October 22, 1979, Lindbeck through his new attorney, Michael H. Meyer, filed a "petition, and notice of hearing of petition, for relief and claim requirement; points and authorities" in the Fresno Superior Court. On November 7, 1979, the petition was heard and granted.

 Petitioner claims error in that there was an insufficient showing by Lindbeck of a factual basis to support the court's conclusion that Lindbeck's failure to file a timely claim was the result of mistake, inadvertence, and excusable neglect.

No claim had been presented to the City of Fresno or Parking Authority of the City of Fresno within 100 days of the assault and robbery as is required by section 911.2 of the Government Code.[1]

After petitioner's request to file a late claim was denied, petitioner sought relief in the Superior Court of Fresno pursuant to section 946.6. The pertinent parts of section 946.6 to the issues on this hearing are: "(c)(1) The failure to present the claim was through mistake, inadvertence, surprise or excusable neglect unless the public entity establishes that it would be prejudiced if the court relieves the petitioner from the provisions of Section 945.4; or

". . . . . . . . . . . . . . . .

"(e) The court *shall* make an independent determination upon the petition. The determination *shall* be made upon the basis of the petition, any *affidavits* in support of or in opposition to the petition, and any additional *evidence* received at the hearing on the petition." (Italics added.)

There was only one affidavit presented on behalf of Lindbeck at the hearing, namely, the affidavit of his attorney, Donald K. Marshall. There were no other affidavits filed nor any evidence presented to the trial judge, by either party. Subdivision (e) of section 946.6 above quoted makes clear the restrictions upon a judge in hearing and ruling upon such motions. Since the sworn affidavit was the only matter the judge could base his ruling on, it is set out in full.

---

[1]All code references are to the Government Code unless otherwise indicated.

"DECLARATION OF DONALD K. MARSHALL

"I, DONALD K. MARSHALL, say:

"1. I am counsel of record for Claimant Lylon H. Lindbeck regarding his injuries which occurred on January 21, 1979 in the underground parking garage as more particularly set forth in the proposed claim.

"2. Claimant's injuries occurred while he was a guest of the Fresno Hilton Hotel, and while he was waiting for an elevator to the Fresno Hilton Hotel from said underground parking garage.

"3. In response to an action filed by Claimant Lylon H. Lindbeck against Stephen Investments, Inc., doing business as Fresno Hilton Hotel, Stephen Investments, Inc. filed a cross-complaint for indemnity and contribution against the City of Fresno and the Parking Authority of the City of Fresno. A copy of said cross-complaint is attached hereto and made a part hereof.

"4. Until said cross-complaint was served on me by mail on June 18, 1979, the City of Fresno and the Parking Authority of the City of Fresno did not appear to be parties to Claimant's cause of action, because said cause of action arose at an area of said underground garage prominently marked as reserved for guests of the Fresno Hilton Hotel and which is served by an elevator to the Fresno Hilton Hotel.

"5. The failure to present the claim was through mistake inadvertence, surprise or excusable neglect, and the City of Fresno and the Parking Authority of the City of Fresno are not prejudiced by the failure to present the claim within one-hundred (100) days allowed for presentation of the claim.

"6. The within application for leave to present a late claim is presented within a reasonable time after the accrual of the cause of action.

"Executed on July 23, 1979 at Madera, California.

"I declare under penalty of perjury that the foregoing is true and correct."

The city concedes that it suffered no prejudice.

The complaint by Lindbeck was filed May 21, 1979, 120 days from the date of the injury. There was no competent evidence before the court as to when Mr. Lindbeck consulted his attorney.[2] It could have been before the statute had run or after it had run.

If it was after the statute had run clearly there was nothing before the court upon which the court could exercise its discretion, hence the writ must be granted. The case of *El Dorado Irrigation Dist. v. Superior Court, supra*, 98 Cal.App.3d 57 is dispositive. In that case one Evans was injured and 120 days later he engaged a law firm for the purpose of filing a workers' compensation claim. Counsel's investigator learned that a public entity may be involved in a third party claim. A late claim was filed and denied. The superior court granted relief pursuant to section 946.6. The appellate court issued a writ of mandate setting aside the order of the trial court granting relief.

The only evidence as to Evans' excusable neglect was a statement by the attorneys in their points and authorities as follows:

"'It is reasonable that a lay person would not know of the existence of a claim against a governmental entity....'" (*El Dorado Irrigation Dist. v. Superior Court, supra*, p. 59.) At page 62, the court goes on to say: "Yet there was nothing presented to the trial court to support a finding of the second requirement; no legally cognizable mistake, inadvertence, surprise or excusable neglect of any kind was shown in connection with the passage of the 100 days. The sole effort to explain the failure to file a timely claim was the conclusionary and argumentative statement of counsel in points and authorities that Evans reasonably could be ignorant of the claim-filing requirements, nothing else. Argument of counsel of course is not evidence. [Citation.] *Moreover, a mere lack of knowledge of the claim-filing requirements and its time limitation is insufficient.*" (Italics added.)

Assuming that Lindbeck did consult with his attorneys before the 100 days had run, this writ must still issue.

---

[2]"A review of all these authorities makes clear that evidence is that probative material, legally received, by which the tribunal may be lawfully persuaded of the truth or falsity of a fact in issue." (*People* v. *Leonard* (1962) 207 Cal.App.2d 409, 414 [24 Cal.Rptr. 597].) Argument of an attorney whether it be statements made at a hearing or statements contained in points and authorities is not proof legal or evidentiary. (*El Dorado Irrigation Dist.* v. *Superior Court* (1979) 98 Cal.App.3d 57, 62 [159 Cal.Rptr. 267]; *Thomas* v. *Thomas* (1944) 66 Cal.App.2d 818, 825 [153 P.2d 389].)

■ A court does not relieve a potential plaintiff of the claim requirements of section 945.4, as a matter of course; plaintiff must first demonstrate two essentials by a preponderance of the evidence (*Shaddox v. Melcher* (1969) 270 Cal.App.2d 598, 601-602 [76 Cal.Rptr. 80]). First, it must be shown that the section 911.4 application was presented within a reasonable time, and second, that the failure to file a timely claim was due to mistake, inadvertence, surprise or excusable neglect. (*Tammen v. County of San Diego* (1967) 66 Cal.2d 468, 474 [58 Cal.Rptr. 249, 426 P.2d 753].)

The showing required as to mistake, inadvertence, surprise or excusable neglect in proceedings to file a late claim against a governmental agency is the same as required under section 473 of the Code of Civil Procedure for relieving a party from a default judgment. (*Viles v. State of California* (1967) 66 Cal.2d 24, 29 [56 Cal.Rptr. 666, 423 P.2d 818].)

In *Clark v. City of Compton* (1971) 22 Cal.App.3d 522, 528 [99 Cal.Rptr. 613], the court said: "As a general rule, neglect authorizing relief under section 473, Code of Civil Procedure, may not be predicated upon that of the party's attorney unless shown to be excusable [citation], because the negligence of the attorney in the premises is imputed to his client and may not be offered by the latter as a basis for relief. [Citation.]"

■ "'It is not the purpose of section 473 of the Code of Civil Procedure to permit the setting aside of judgments "which are the result of inexcusable . . . neglect of *defendants, themselves, or* of their attorneys in the performance of the latter's obligations to their clients."'" (*Clark v. City of Compton, supra*, 22 Cal.App.3d 522, 528.) Excusable neglect is that neglect which might have been the act of a reasonably prudent person (attorney) under the same circumstances. (*Black v. County of Los Angeles* (1970) 12 Cal.App.3d 670, 675 [91 Cal.Rptr. 104].) A petitioner or his attorney must show more than that he just failed to discover a fact until too late; they must establish that in the use of reasonable diligence they failed to discover it. (*Black v. County of Los Angeles, supra*, 12 Cal.App.3d 670, 677.)

■ Turning to the facts, the only evidence before the trial court was the affidavit of Donald K. Marshall, Lindbeck's first attorney.

Paragraph 4 of said affidavit indicates the first knowledge he had that the City of Fresno and the parking authority of the City of Fresno were potential defendants was when a cross-complaint was served on him June 18, 1979. Presumably he was not aware of these defendants because his client's injuries occurred in an area of said underground garage prominently marked as reserved for guests of the Fresno Hilton Hotel and which is served by an elevator to the Fresno Hilton Hotel.[3]

Mr. Marshall (or an investigator) did not even visit the scene of this occurrence. If he had it would have disclosed that the lower levels of this garage are public parking areas maintained by the City of Fresno, with a major portion of the facility under public streets and a park. Major public streets have access into this facility. The designation "reserved" as set forth in his affidavit should have triggered some investigation—reserved by *whom* for the Fresno Hilton? Discussion with the management of the Fresno Hilton, in all probability, would have divulged the ownership of the parking facility. The simple task of writing a letter to the known defendant Hilton to determine ownership of the parking facility would have probably sufficed.

If Mr. Marshall (or an investigator) had come to Fresno and discussed the situation with the police department the involvement of the City of Fresno and Parking Authority of the City of Fresno would have come to light. Or even a letter directed by Mr. Marshall to the police department would have disclosed this.

In short, Mr. Marshall did nothing to ascertain the possible defendants that should be joined in his client's suit. This is a classic case of an attorney opening a file, initiating suit and closing the file. (*Kaslavage* v. *West Kern County Water Dist.* (1978) 84 Cal.App.3d 529, 536-537 [148 Cal.Rptr. 729].)

██ An attorney cannot avoid the bar of the claim statute under the guise of relying on what his client told him. (*Black* v. *County of Los Angeles, supra*, 12 Cal.App.3d 670; *Shaddox* v. *Melcher, supra*, 270 Cal.App.2d 598.)

---

[3]Even assuming that the excerpt read from the police report by trial counsel was improperly considered, it merely describes the locus of the occurrence as "Hilton or green level."

Or as the court stated in *Leake v. Wu* (1976) 64 Cal.App.3d 668, 673 [134 Cal.Rptr. 616]: "In *Tammen, Shaddox* and *Black, supra,* relief under section 946.6 was held properly denied where the lateness of the claim was attributable to the failure of the parties' attorneys to conduct a reasonably prudent investigation of the circumstances of the accidents."

 Mr. Marshall clearly did not conduct a "reasonably prudent investigation." He did not conduct any investigation.

The trial judge, in exercising his discretion in ruling on this motion, stated: "I feel that this is a situation where a plaintiff and/or his attorney could be lulled into a position where—*with complete inadvertence of ignorance,* they can feel they have a good lawsuit on file and proceeding in the process find that when they do find out that this is the City of Fresno parking facility, that their 100 days have past." (Italics added.)

In the underlined portion, of the judge's ruling from the bench, we note that he found that plaintiff and/or his attorney were lulled into a position of failing to exercise due care regarding their lack of knowledge.

This is far short of excusable neglect as defined in the case law cited in this opinion. The trial court's finding that Mr. Marshall was in a position of a complete lack of care concerning his lack of knowledge is equivalent to saying he did nothing until the 100 days had passed.

 "A petitioner must show more than that he did not discover a fact until too late; he must establish that in the use of reasonable diligence he failed to discover it." (*Black* v. *County of Los Angeles, supra,* 12 Cal.App.3d 670, 677.)

However, the trial judge goes on to state that once the discovery was made there "was no delay whatsoever in pursuing the filing of the notice. Albeit late. I think this is a case of excusable neglect, and I will grant the motion."

Doing nothing until being served with a cross-complaint for indemnity against a public entity, and then proceeding with dispatch, is not excusable neglect.

■ In arriving at our decision we are not unmindful of the principles collected in *Black* v. *County of Los Angeles, supra,* 12 Cal.App.3d 670, 674: "It is well established that the decision whether a petitioner will be relieved of his default lies within the discretion of the trial judge and appellate courts will not interfere except for an abuse of discretion. (*Martin* v. *City of Madera,* 265 Cal.App.2d 76, 79 [70 Cal.Rptr. 908].) We are not unaware that this rule, as pointed out in *Viles* v. *State of California,* 66 Cal.2d 24 [56 Cal.Rptr. 666, 423 P.2d 818], at pages 28-29, 'does not preclude reversal of an order denying relief where adequate cause for such relief is shown by uncontradicted evidence or affidavits of the petitioner, nor should it be employed to defeat the liberal policies of remedial statutes designed for that purpose. [Citation.] It has often been said that denials of such relief by the trial court are scanned more carefully than cases where the court granted the relief, to the end that wherever possible cases may be heard on their merits, and any doubts which may exist should be resolved in favor of the application. [Citations.]' [Citations.]"

However, as the court states in *El Dorado Irrigation Dist.* v. *Superior Court, supra,* 98 Cal.App.3d 57, 63: "The court ignored the statutory mandate. We are mindful of the liberal interpretation to be accorded section 946.6. [Citation.] But we cannot and should not blind ourselves to its express limitations."

For the reasons above stated let a peremptory writ of mandate issue directing the trial court to set aside its ordered granting of relief.

Brown (G. A.), P. J., concurred.

**HOPPER, J.**—I respectfully dissent.

The observations and advice of the court in *Bennett* v. *City of Los Angeles* (1970) 12 Cal.App.3d 116 [90 Cal.Rptr. 479] (where the appellate court upheld the denial of a claim), is singularly appropriate in this case. The court in *Bennett* at page 120 said: "In discussing this claim we must be constantly aware of the different functions performed by the superior court and ourselves. Unless, ultimately, each case of this nature is to be decided by the Court of Appeal as if no trial court had ever acted on the petition, we must be careful to preserve the area of the superior court's discretion and we must do this in fact, as well as in words. It is easy enough to give the appearance that the respective func-

tions of the two courts are being preserved: all we need do is label as an 'abuse of discretion' any ruling with which we happen to disagree . . . . we cannot arbitrarily substitute our judgment for that of the trial court."

In my opinion the majority has in effect substituted its judgment for that of the trial court. The majority contends that Lindbeck did not meet his burden of proof (citing the clearly distinguishable case of *El Dorado Irrigation Dist.* v. *Superior Court* (1979) 98 Cal.App.3d 57 [159 Cal.Rptr. 267]—a case in which there was apparently no evidence and merely argument of counsel) and argues that Lindbeck's counsel did not properly investigate the matter here. Whether failure to discover the existence of a possible claim against the city was reasonable and consistent with what a prudent person would have done under the same circumstances is a factual question. By granting the petition in this case the trial court decided the issue in favor of Lindbeck. I submit that there is substantial evidence before the trial court to support the judgment. The undisputed evidence in this case shows that the mugging took place in an area of the underground garage "prominently marked as reserved for guests of the Fresno Hilton Hotel" and which is served by an elevator to the Fresno Hilton Hotel. Conceding, arguendo, that it would be reasonable to infer that such signs might trigger an investigation (e.g., the majority says "reserved by *whom*" for the Fresno Hilton does raise such an inference), it would also be reasonable to infer that the sign had nothing to do with some entity other than Hilton having an interest in the property. Rather, it could be construed as a warning prohibiting persons other than Hilton guests from parking in the particular place. A reasonable conclusion can be (and was) made by the trial court that Lindbeck was lulled into assuming that only Hilton Hotel was involved. Any misconception was reasonable under the circumstances and I cannot say that Lindbeck or his counsel as a matter of law failed to exercise reasonable diligence.

I do not agree that this is a classic case of an attorney merely opening a file initiating suit and closing the file. Under the particular circumstances we should not hold that there was no showing of mistake, inadvertence, surprise or excusable neglect within the meaning of the statute.

Furthermore, cases such as *Tammen* v. *County of San Diego* (1967) 66 Cal.2d 468 [58 Cal.Rptr. 249, 426 P.2d 753], *Black* v. *County of*

*Los Angeles* (1970) 12 Cal.App.3d 670 [91 Cal.Rptr. 104], and *Shaddox* v. *Melcher* (1969) 270 Cal.App.2d 598 [76 Cal.Rptr. 80], must be seen each in its proper perspective. In those cases a reasonably prudent investigation of the circumstances of the particular accidents may very well have disclosed a public entity as being involved. Each and all of those cases are distinguishable from this case. First, the claims therein were all denied by the trial court whereas this claim has been granted. Second, each of those cases involved situations where it was obvious that a public entity was involved. In *Black* there was a defective condition of a public street. In *Shaddox* there were clearly marked state vehicles. In *Tammen* the maintenance of a state highway was involved. Here insofar as the evidence before the trial judge is concerned the sign and elevator were clearly marked "Hilton Hotel." It was certainly not unreasonable to believe the parking and the elevator were the property of Hilton. I am not persuaded that the fact, if it be a fact (since the record does not show anything about this occasion and judicial notice was not taken thereof), that there is access directly into the facility from a major public street is significant. Most places of business and residences also have some sort of direct access from a public street and some stores may even be under public ways.

Absent a manifest abuse of discretion, the trial court's determination should be affirmed (*County of Santa Clara* v. *Superior Court* (1971) 4 Cal.3d 545, 552 [94 Cal.Rptr. 158, 483 P.2d 774]; *Viles* v. *State of California* (1967) 66 Cal.2d 24, 28 [56 Cal.Rptr. 666, 423 P.2d 818]; *Martin* v. *City of Madera* (1968) 265 Cal.App.2d 76, 79 [70 Cal.Rptr. 908]). I cannot conscientiously say that the trial court exceeded the bounds of reason. Considering all of the circumstances the court had before it, I cannot in this case substitute my judgment for that of the trial court. (See 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 242, p. 4234; 5 Witkin, Cal. Procedure (2d ed. 1971) Attack on Judgment in the Trial Court, § 162, p. 3735.) The trial court's exercise of discretion was based on a reasoned judgment and complies with the legal principles and policies appropriate to the particular matter at issue and therefore such discretion should be upheld (*Bullis* v. *Security Pac. Nat. Bank* (1978) 21 Cal.3d 801, 815 [148 Cal.Rptr. 22, 582 P.2d 109]; see also *California Teachers Assn.* v. *Governing Board* (1977) 70 Cal. App.3d 833, 843 [139 Cal.Rptr. 155]).

The city concedes that there was no prejudice. Our law favors the hearing of cases on the merits and any doubt which may exist should be

resolved in favor of the petition for relief (*County of Santa Clara* v. *Superior Court, supra, ibid.*; *Kaslavage* v. *West Kern County Water Dist.* (1978) 84 Cal.App.3d 529, 537 [148 Cal.Rptr. 729]).

Rather than frustrate the remedial purpose behind the statute, I would deny the writ.

A petition for a rehearing was denied April 28, 1980. Hopper, J., was of the opinion that the petition should be granted. The petition of real party in interest for a hearing by the Supreme Court was denied June 19, 1980. Bird, C. J., Tobriner, J., and Mosk, J., were of the opinion that the petition should be granted.