Filed 12/1/15  F.A. v. Los Angeles Unified School Dist. CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| F.A., | B260505 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC522850) |
| v. | |
| LOS ANGELES UNFIED SCHOOL DISTRICT, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mary H. Strobel, Judge.  Affirmed.

Owen Patterson & Owen, Susan A. Owen and Tamiko B. Herron for Plaintiff and Appellant.

Sedgwick, Craig S. Barnes, Michael M. Walsh; Andrade Gonzalez, Sean A. Andrade and Henry H. Gonzalez for Defendant and Respondent.

\* \* \* \* \* \*

The trial court denied appellant F.A.'s petition for relief from the requirements of the Government Claims Act. We affirm because F.A. provided no evidence in support of his petition. He had the burden to "demonstrate by a preponderance of the evidence that his application to the public entity for leave to file a late claim was presented within a reasonable time, *and* that the failure to file a timely claim was due to mistake, inadvertence, surprise or excusable neglect." (*Shank v. County of Los Angeles* (1983) 139 Cal.App.3d 152, 156.)

## FACTS AND PROCEDURE

In September 2013, F.A. filed a claim for damages against the Los Angeles Unified School District (LAUSD). In it, F.A. alleged that he was 24 years old and was born January 13, 1989. (In another brief he stated that he was born June 24, 1985.) F.A. further alleged that he attended elementary school at Miramonte Elementary School and was taught by Mark Berndt in 1997 or 1998. According to the claim, Berndt inappropriately touched F.A. when he was a student at Miramonte Elementary School. F.A. alleged that he was blindfolded, fed cookies with sperm, fed spoonfuls of sperm, had cockroaches placed on his person, and was photographed by Berndt.

On October 1, 2013, F.A. filed a complaint in superior court alleging causes of action for intentional infliction of emotional distress, negligence, sexual battery, and assault.

On November 14, 2013, F.A. filed an application to present a late claim with the school district. The application stated that that "[d]ue to the mistake, surprise, inadvertence, excusable neglect and/or disability, CLAIMANT's claims were not filed within the six month period as required by law . . . ." In his application, F.A. alleged that the abuse occurred when he was eight years old. He further alleged that "[t]he numerous acts of sexual abuse perpetrated upon CLAIMANT caused CLAIMANT to become mentally incapacitated in that he suffered from depression, anxiety, anger, nightmares, insomnia, and an inability to cope. Further, CLAIMANT was unable to speak of the heinous acts committed upon him effectively to enable a claim to be presented within the applicable time period." F.A. alleged that he did not discover the damage caused by the

sexual abuse until April 16, 2013. On December 2, 2013, the school district denied F.A.'s application for leave to present a late claim.

On February 26, 2014, F.A. filed a petition for relief from claim filing requirements in superior court. The petition stated that "PETITIONER presents this Petition for Order Permitting Late Claim Against RESPONDENTS based upon mistake, surprise, inadvertence, excusable neglect and/or disability." It further alleged that "The numerous acts of sexual abuse perpetrated upon PETITIONER caused PETITIONER to become mentally incapacitated in that he suffered from depression, anxiety, anger, nightmares, insomnia, and an inability to cope." F.A. further alleged that he learned of the claim in September 2013 when he saw Berndt on television (in contrast to the April date in his application).

F.A.'s memorandum of points and authorities in support of his petition argued that his cause of action "accrued in or about September 2013. Prior to this time, PETITIONER did not discover, nor did he have reason to discover, that his psychological injuries or illnesses were directly related to BERNDT's sexual abuse of him as a minor child. Therefore his claim was timely." F.A. argued that he learned of the victimization in September 2013 when he was watching a television story about Berndt. Among other reasons, LAUSD opposed the petition because F.A. did not attach declarations or other evidence supporting his allegations.

At the hearing on September 5, 2014, F.A.'s counsel explained that F.A. did not file a declaration "because he is so severely traumatized that he has gone into his shell and is virtually incapacitated." No evidence was presented to show that F.A. was incapacitated. No evidence was presented to support any of the other allegations in F.A.'s petition.

At the conclusion of the hearing the court adopted its tentative opinion, which emphasized that no competent evidence supported F.A.'s petition. In short, the court concluded: "F.A. has failed to meet his evidentiary burden with competent reliable

3

evidence." On February 13, 2015, the court issued a judgment in favor of LAUSD based solely on the tentative opinion denying F.A.'s petition to file a late claim.[1]

## DISCUSSION

The sole issue on appeal is whether the trial court erred in denying F.A.'s petition for relief from the claim requirements. We review the trial court's denial of F.A.'s petition for relief for abuse of discretion. (*Barragan v. County of Los Angeles* (2010) 184 Cal.App.4th 1373, 1381.) As we explain, F.A. fails to show the trial court abused its discretion.

The Government Claims Act "requires that any civil complaint for money or damages first be presented to and rejected by the pertinent public entity." (*Munoz v. State of California* (1995) 33 Cal.App.4th 1767, 1776 (*Munoz*).) "Government Code section 911.2 requires the claim relating to a cause of action for death or for injury to person or to personal property be presented not later than six months after the accrual of the cause of action. The claim presentation requirement serves several purposes: (1) it gives the public entity prompt notice of a claim so it can investigate the strengths and weaknesses of the claim while the evidence is still fresh and the witnesses are available; (2) it affords opportunity for amicable adjustment, thereby avoiding expenditure of public funds in needless litigation; and (3) it informs the public entity of potential liability so it can better prepare for the upcoming fiscal year." (*Ibid.*)

The claimant may apply to the public entity to file a late claim. (*Munoz, supra*, 33 Cal.App.4th at p. 1777.) If the public entity denies such claim, the claimant may petition the court pursuant to Government Code section 946.6 for relief from the claim requirements.[2] (*Munoz*, at p. 1777.) "A court does not relieve a potential plaintiff of the

---

[1]    Respondent does not move to dismiss this appeal, and we deem F.A.'s premature notice of appeal to be from the judgment. (*Smith v. County of Kern* (1993) 20 Cal.App.4th 1826, 1829, fn. 2; Cal. Rules of Court, rule 8.104(d).)

[2]    Government Code section 946.6 provides in pertinent part:

claim requirements . . . as a matter of course; plaintiff must first demonstrate two essentials by a preponderance of the evidence [citation]. First, it must be shown that the section 911.4 application was presented within a reasonable time, and second, that the failure to file a timely claim was due to mistake, inadvertence, surprise or excusable neglect." (*City of Fresno v. Superior Court* (1980) 104 Cal.App.3d 25, 32.) In determining whether to grant a petition to file a late claim, the trial court must "consider the petition, any affidavits submitted in support of or in opposition to the petition, and any other evidence presented at the hearing." (*Munoz*, at p. 1778.)

"'Government Code section 946.6 is a remedial statute intended to provide relief from technical rules which otherwise provide a trap for the unwary. The remedial policy underlying the statute is that wherever possible cases should be heard on their merits. Thus, a denial of such relief by the trial court is examined more rigorously than where relief is granted and any doubts which may exist should be resolved in favor of the

---

"(a) If an application for leave to present a claim is denied or deemed to be denied pursuant to Section 911.6, a petition may be made to the court for an order relieving the petitioner from Section 945.4. [¶] . . . [¶]

"(c) The court shall relieve the petitioner from the requirements of Section 945.4 if the court finds that the application to the board under Section 911.4 was made within a reasonable time not to exceed that specified in subdivision (b) of Section 911.4 and was denied or deemed denied pursuant to Section 911.6 and that one or more of the following is applicable:

"(1) The failure to present the claim was through mistake, inadvertence, surprise, or excusable neglect unless the public entity establishes that it would be prejudiced in the defense of the claim if the court relieves the petitioner from the requirements of Section 945.4.

"(2) The person who sustained the alleged injury, damage or loss was a minor during all of the time specified in Section 911.2 for the presentation of the claim.

"(3) The person who sustained the alleged injury, damage or loss was physically or mentally incapacitated during all of the time specified in Section 911.2 for the presentation of the claim and by reason of that disability failed to present a claim during that time.

"(4) The person who sustained the alleged injury, damage or loss died before the expiration of the time specified in Section 911.2 for the presentation of the claim."

5

application.' [Citation]  Nonetheless, we 'cannot arbitrarily substitute our judgment for that of the trial court.'" (*Barragan v. County of Los Angeles, supra*, 184 Cal.App.4th at p. 1382, italics omitted.)  "'It is the well-recognized policy of the law to liberally construe remedial statutes designed to protect persons within their purview, and the modern trend of judicial decisions favors granting relief unless absolutely forbidden by statute.'" (*Ibid*.)

Even though the statute must be liberally construed, a trial court may not grant a petition when there is "no evidentiary basis upon which to base its grant of the judicial relief requested." (*El Dorado Irrigation Dist. v. Superior Court* (1979) 98 Cal.App.3d 57, 62 (*El Dorado*).)  Applying this principle, in *El Dorado*, the appellate court reversed an order granting a petition because the petitioner had provided no evidence to support the requirements of Government Code section 946.6. (*Ibid*.)  The appellate court explained, conclusory and argumentative statements of counsel are not evidence. (*Ibid*.)

Here, just as in *El Dorado*, there was no competent evidence upon which the trial court could exercise its discretion.  F.A. provided no declaration.  F.A. did not testify at the hearing.  No person testified that F.A. lacked capacity.  No evidence of mistake, inadvertence, surprise, or excusable neglect was provided.  No specific mistake, inadvertence, surprise or excusable neglect was identified.  Nor was there evidence of when F.A. discovered his claim (his allegations were not consistent on this point).

F.A.'s appellate arguments ignore the glaring evidentiary deficiency.  His arguments are premised on nonexistent evidence related to F.A.'s knowledge and state of mind.  Even F.A.'s argument that the facts were undisputed assumes incorrectly that he presented "facts" respondent was required to contest.  He did not.  F.A. never identified the purported "mistake, surprise, inadvertence, neglect or disability" underlying his petition.  He presented no "facts" indicating when he discovered the abuse or supporting the allegation of his claimed incapacity.

Contrary to F.A.'s suggestion, respondent did not concede the correctness of any of F.A.'s allegations.  Instead respondent repeatedly emphasized the absence of any evidence.  Even at the hearing after respondent emphasized the absence of supporting

6

evidence, F.A. did not present evidence.  Under these circumstances, the trial court properly concluded that F.A. failed to carry his burden of demonstrating the preconditions of Government Code section 946.6 petition had been met.  (See *Moore v. State of California* (1984) 157 Cal.App.3d 715, 727 [petitioner has burden to show reasonable timeliness and mistake before public entity is required to show prejudice].)  *El Dorado* makes clear that the trial court would have abused its discretion had it granted F.A.'s petition absent any supporting evidence.

## DISPOSITION

The judgment is affirmed.  Respondent is entitled to costs on appeal.


FLIER, J.

WE CONCUR:



BIGELOW, P. J.



RUBIN, J.



7