[No. B005502. Second Dist., Div. Five. Aug. 20, 1985.]

JAMES POWELL, Petitioner, v.
CITY OF LONG BEACH et al., Respondents.

**COUNSEL**

Marc Coleman and Diane L. Middleton for Petitioner.

Robert W. Parkin, City Attorney, Einar C. Petersen and Thomas A. Yyse, Deputy City Attorneys, for Respondents.

## OPINION

**HASTINGS, J.**—James Powell (appellant) appeals the denial of his petition for relief from the claims requirements of the Government Tort Claims Act (Gov. Code, § 900 et seq.).[1]

On January 12, 1983, while working for Crescent Wharf and Warehouse as a longshoreman, appellant was injured in an accident occurring at berth 247 at the Long Beach Harbor. There were no signs posted nor any other indication that the City of Long Beach, the Port of Long Beach, or the Long Beach Harbor Department (respondents) owned the wharf. Since his injury was work-related, appellant sought and was granted workers' compensation benefits. Appellant believed these benefits to be his exclusive remedy. Because appellant found unreasonable his employer's demand that he see a company physician, he sought the advice of an attorney. He consulted with counsel on June 16, 1983 (approximately 151 days after his accident). Up to this time, he believed the wharf was owned by his employer, Crescent Wharf and Warehouse. Five days after appellant met with his attorney, she filed a claim against the respondents (§ 910) and an application for leave to file a late claim (§ 911.4). Both were denied by the respondents. Appellant then filed a petition in superior court seeking relief from the requirements of the Government Tort Claims Act (§ 946.6).[2] The superior court denied this petition. We reverse.

---

[1]The process codified in this act is summarized in *Ebersol* v. *Cowan* (1983) 35 Cal.3d 427, 430-432 [197 Cal.Rptr. 601, 673 P.2d 271]: "Section 911.2 requires that a claim against a public entity relating to a cause of action for personal injury be presented to that entity not later than the 100th day after the accrual of the cause of action. Under section 945.4, presentation and action on, or rejection of such a claim are conditions precedent to the commencement of suit against the public entity on the cause of action for which the claim is required. When a claim has not been timely presented, section 911.4 permits written application to the public entity for leave to file a late claim. If, under section 911.6, the public entity denies or fails to act on the application within 45 days, section 946.6 authorized a petition to the appropriate court for relief from the provisions of section 945.4. [¶] The court must grant the petition under 946.6, subdivision (c)(1), if the claimant demonstrates by a preponderance of the evidence [citation] that the application to the public entity under 911.4 was made within a reasonable time not exceeding one year after the accrual of the cause of action. It must also conclude that the failure to timely present the claim was through mistake, inadvertence, surprise or excusable neglect. Under 946.4, subdivision (e), the trial court must make an independent determination upon the petition, relying upon any affidavits in support of, or in opposition to, the petition and any additional evidence received at the hearing on the petition. [¶] The trial court's work is not completed after it determines, if appropriate, that a failure to timely present a claim was through mistake, inadvertence, surprise or excusable neglect. Under section 946.6, subdivision (c)(1), the court must then determine whether the public entity would be prejudiced by the granting of the petition."
All references are to this code unless otherwise noted.

[2]Section 946.6, subdivision (c)(1), in pertinent part, provides: "The court shall relieve the petitioner from the provisions . . . if the court finds that the application to the board . . . was made within a reasonable time not to exceed [one year] and was denied or deemed denied . . . and that: (1) The failure to present the claim was through mistake, inadvertence, surprise or excusable neglect unless the public entity establishes that it would be prejudiced if the court relieves the petitioner."

■ To grant or deny relief is within the discretion of the superior court; a reversal will lie only where uncontradicted evidence or affidavits of the petitioner establish adequate cause for relief. (*Ebersol* v. *Cowan, supra,* 35 Cal.3d 427, 435.) We recognize, however, that "[s]ection 946.6 is a remedial statute intended to provide relief from technical rules which otherwise provide a trap for the unwary claimant. [Citation.] The remedial policies underlying the statute are 'that wherever possible cases be heard on their merits, and *any doubt which may exist should be resolved in favor of [relief.* [Citation.] Thus, '[a]n appellate court will be more rigorous in examining the denial of such a relief than its allowance.' [Citation.] . . . ■ [T]he showing required for relief under section 946.6 because of mistake, inadvertence, surprise or excusable neglect is the same as required under Code of Civil Procedure section 473 for relieving a party from a default judgment [citation] . . . . Excusable neglect is neglect that might have been the act or omission of a reasonably prudent person under the same or similar circumstances [citation]." (*Ibid;* italics added.) ■ A mistake of law is a mistake occurring " '"when a person knows the facts as they really are but has a mistaken belief as to the legal consequence of those facts.' " (*Moore* v. *State of California* (1984) 157 Cal.App.3d 715, 722 [203 Cal.Rptr. 847].) Not every mistake is excusable, but "an honest mistake is excusable, the determining factor being the reasonableness of the misconception. [Citation.]" (*Viles* v. *State of California* (1967) 66 Cal.2d 24, 29 [56 Cal.Rptr. 666, 423 P.2d 818].) Thus a mistake of law "may be excusable when made by a layman but not when made by an attorney." (*Tammen* v. *County of San Diego* (1967) 66 Cal.2d 468, 479 [58 Cal.Rptr. 249, 426 P.2d 753].)

Through the years the courts have grappled with application of these principles. Excusable neglect has not been found when no steps were taken to retain counsel (*Harrison* v. *County of Del Norte* (1985) 168 Cal.App.3d 1 [213 Cal.Rptr. 658]); when ignorance of the law was the only ground upon which relief was sought. (*Martin* v. *City of Madera* (1968) 265 Cal.App.2d 76, 79 [70 Cal.Rptr. 908]); nor when failure to discover the alleged basis for the cause of action was asserted (*Tsingaris* v. *State of California* (1979) 91 Cal.App.3d 312, 314 [154 Cal.Rptr. 135]).[3] All cases in this area have noted that the second factor in granting relief under section 946.6 (prejudice to the public entity) need not be shown until excusable neglect is found to exist.

■ We now turn to the application of these principles to the facts before us. In his declarations of January 3, 1983 and March 5, 1983, appellant states that he believed workers' compensation benefits were the sole basis

---

[3]*Ebersol* v. *Cowan, supra,* at page 436, footnote 9, offers a summary of cases where relief has been granted.

upon which he could recover for his injury. The reasons for this belief were: (1) he was injured while on the job; (2) he had worked for 32 years and through this experience learned that a worker injured on the job could only recover from injuries under workers' compensation laws; (3) up until the time he initially consulted with an attorney, he was receiving weekly and medical workers' compensation benefits; these benefits were paid without his having had to file a claim; and (4) he believed Crescent Wharf and Warehouse was the owner of the premises where he was injured because his paychecks were issued by that company and because there were no signs or any other postings identifying the property as owned by the City of Long Beach, the Port of Long Beach or the Long Beach Harbor Department. Respondents submitted nothing which refuted any of these statements.[4] Appellant further argues that our courts consistently have turned aside suits by employees against employers with the admonition that workers' compensation is the only remedy available.

When we review the facts before us mindful that doubts should be resolved in favor of appellant (*Ebersol, supra*), we conclude that, though a close case, appellant has shown that he did act as a reasonably prudent person would have under the same circumstances. (*Ebersol, supra.*) Moreover, we find that when a set of facts presents the court with a situation clouded with uncertainty, the determinative factor in deciding whether relief should be granted is the amount of prejudice suffered by the public entity.

We accept appellant's argument that his reliance on the theory that workers' compensation was his sole remedy was reasonable. We often and clearly have reminded employer and employee alike of the policy considerations which prompt our liberal construction of the provisions of the Workers' Compensation Act. (See 2 Witkin, Summary of Cal. Law (8th ed. 1973) Workers' Compensation and (1984 Supp.) It was reasonable for appellant to rely on this notion when, as here, there is no visible evidence of the true ownership of the workplace. It follows, therefore, that his failure to seek advice of counsel was excusable as this inaction was due to his belief that workers' compensation was his sole remedy. Appellant was not idle; he promptly sought and was granted his workers' compensation benefits. In so doing he had no reason to seek advice of counsel and, in fact, was acting in just the manner designed by the workers' compensation laws. (*Elkins* v. *Derby* (1974) 12 Cal.3d 410, 419 [115 Cal.Rptr. 641, 525 P.2d 81, 71 A.L.R.3d 839].) Under the circumstances, appellant's actions were reasonable.

---

[4]In the response in opposition to the petition for relief, the respondents make the general assertion that "longshoremen as a whole are extremely aware of third party actions, and such actions are routinely filed by counsel on behalf of longshoremen."

■ The purpose of the 100-day rule of section 911.2 is to ensure the public entity has the benefit of fresh evidence and to promote the speedy resolution of these suits. (*Tyus* v. *City of Los Angeles* (1977) 74 Cal.App.3d 667 [141 Cal.Rptr. 630].) In the instant case appellant's counsel filed a petition to file a late claim on approximately the 155th day after his injury. This is well within the one-year limitation imposed by 946.6, subdivision (c)(1) and certainly offered respondents opportunity to avail themselves of sufficiently fresh evidence. The policy consideration we find most compelling is articulated in the well-founded judicial policy favoring trial on the merits, especially when doubts exist as to the excusability of a petitioner's conduct. (*Ebersol, supra.*)

Respondents presented no evidence of prejudice to the trial court and at oral argument before us admitted prejudice would not be claimed in the event of a reversal. It is therefore unnecessary to remand to the trial court for a determination of this issue. The order appealed from is reversed, and the matter is remanded with directions to enter an order granting appellant's petition.

Ashby, Acting P. J., and Eagleson, J., concurred.