Filed 4/14/21  Rodriguez v. Sacramento Municipal Utility Dist. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| IRMA RODRIGUEZ,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>SACRAMENTO MUNICIPAL UTILITY DISTRICT,<br><br>Defendant and Respondent. | C087573<br><br>(Super. Ct. No. 34-2018-00233438-CU-PT-GDS) |

Irma Rodriguez sought leave from the Sacramento Municipal Utility District (SMUD) to file a late claim for loss of consortium arising from injuries her husband Margarito[1] sustained when he received an electric shock while pruning trees.  SMUD denied the application and the trial court subsequently denied Irma's Government Code section 946.6 petition for relief from the government claim-presentation requirements.[2]

---

[1] We refer to members of the Rodriguez family by their first names for clarity.

[2] Undesignated statutory references are to the Government Code.

1

Irma now contends the trial court (1) should have found excusable neglect based on her ignorance that a wife may have a loss of consortium cause of action arising from her husband's injuries, (2) should have found that the attorney retained to represent her husband committed excusable mistake or neglect, and (3) should have granted relief under the mandatory provision of Code of Civil Procedure section 473, subdivision (b).

We conclude (1) the trial court did not abuse its discretion in denying relief because Irma did not show diligence during the claim-filing period, (2) the attorney's omission did not constitute excusable neglect, and (3) the mandatory relief provision in Code of Civil Procedure section 473, subdivision (b) does not apply to a section 946.6 petition.

We will affirm the trial court's order.

BACKGROUND

Margarito received an electric shock while pruning trees on August 17, 2017. His son Fernando witnessed the incident. Margarito sustained third degree burns and heart problems.

About four months after the incident, Margarito and Fernando retained the law firm Abir Cohen Treyzon Salo, LLP to represent them. The firm assigned attorney Meagan Melanson to investigate the case, determine the appropriate parties to name in a lawsuit, and prepare governmental claims and a complaint. Melanson visited Margarito's home on December 22, 2017. She spoke to Margarito in the presence of his sons, Fernando and John, with one of them serving as a translator. Margarito had been released from the hospital but was not working. Melanson understood that Margarito's skin grafts had not taken as anticipated and the prognosis for his recovery was not yet known.

Melanson also knew that Margarito was married. Although Irma was in the house and was available for an interview, Melanson did not speak with her. Irma believed she had no reason to talk with Melanson because Irma was not physically injured when

2

Margarito sustained his injuries and she did not witness the incident. But Irma expected that Melanson would discuss any potential claims with Margarito's family members at the time of the visit.

A timely government claim was submitted on behalf of Margarito and Fernando. The claim was denied.

In the course of preparing a complaint for Margarito and Fernando, Melanson realized she should have explored a possible loss of consortium claim with Irma. The period for filing a government claim for Irma had already run at that time. A Spanish-speaking staff member from Melanson's law firm contacted Irma on March 20, 2018, to explain to Irma what a loss of consortium claim was and what would be involved, and to ask Irma whether she wanted to pursue such a claim. Irma did not know prior to that contact that a claim could be brought by a spouse in connection with injuries suffered by the other spouse. Irma initially thought Margarito would recover but as of the time she filed her petition for relief in May 2018, it appeared his injuries were permanent.

On March 29, 2018, Melanson filed with SMUD an application for leave to file a late claim and a claim for loss of consortium on behalf of Irma. Melanson conceded the claim was about 37 days late. SMUD denied the application. Irma then promptly filed in the trial court a petition for relief pursuant to section 946.6. She asserted that her failure to timely file a claim was the result of Melanson's excusable neglect or positive misconduct which was tantamount to abandonment. Melanson submitted a declaration admitting that the failure to file a timely claim on behalf of Irma was exclusively Melanson's fault. Irma argued that a lay person should not be expected to know that she had a loss of consortium claim. SMUD opposed the petition.

The trial court denied Irma's petition, concluding that Irma failed to demonstrate by a preponderance of evidence that Melanson's neglect was excusable. The trial court said that knowing Margarito was married and had sustained injuries, a reasonably prudent attorney with approximately 10 years' experience would have realized there was a

3

potential loss of consortium claim and filed a government claim for Irma. The trial court further concluded Irma failed to show reasonable diligence in investigating and pursuing her claim.

DISCUSSION

I

Irma contends the trial court should have found excusable neglect based on her ignorance that a wife may have a loss of consortium cause of action arising from her husband's injuries.

A

We begin with an explanation of the Government Claims Act (§ 810 et seq.). Except in circumstances not applicable here, before a complaint for money or damages may be filed against a public entity on a cause of action relating to personal injuries, the plaintiff must present a written claim for damages to the public entity, and the claim must be acted upon or deemed rejected. (§§ 900.4 [local public entity includes a district], 905, 910, 945.4.) The failure to timely present a prelawsuit claim bars an action against the public entity. (*City of Stockton v. Superior Court* (2007) 42 Cal.4th 730, 734.)

A written claim for personal injury must be presented to the public entity no later than six months after the accrual of the cause of action. (§ 911.2, subd. (a).) When a claim is not timely presented, a written application may be made to the public entity for leave to present a late claim. (§ 911.4, subd. (a).) If the public entity denies the application or the application is deemed to be denied, the petitioner may, within six months after the application is denied or deemed to be denied, seek an order from the trial court relieving the petitioner from the claim-filing requirements. (§ 946.6, subds. (a), (b).) An order denying a petition for relief under section 946.6 is appealable. (*Ebersol v. Cowan* (1983) 35 Cal.3d 427, 435, fn. 8 (*Ebersol*).)

A trial court must grant a section 946.6 petition for relief if the petitioner demonstrates by a preponderance of the evidence that (1) the application for leave to

4

present a late claim was made within a reasonable time not exceeding one year after the accrual of the cause of action; (2) the application was denied or deemed denied; and (3) as applicable to this case, the failure to timely present the claim was the result of mistake, inadvertence, surprise or excusable neglect, unless the public entity establishes that it would be prejudiced in the defense of the claim if the trial court relieves the petitioner from the claim-filing requirements. (§ 946.6, subd. (c); *Ebersol, supra,* 35 Cal.3d at p. 431.) The trial court must decide the petition for relief based on the petition, any affidavits in support of or in opposition to the petition, and any additional evidence received at the hearing on the petition. (§ 946.6, subd. (e).)

The decision to grant or deny a petition seeking relief under section 946.6 is within the sound discretion of the trial court and will not be disturbed on appeal except for abuse of discretion. (*Bettencourt v. Los Rios Community College Dist.* (1986) 42 Cal.3d 270, 275 (*Bettencourt*).) Abuse of discretion is shown where uncontradicted evidence or affidavits establish adequate cause for relief. (*Ebersol, supra,* 35 Cal.3d at p. 435.) Section 946.6 is a remedial statute and any doubts should be resolved in favor of granting relief so that a claim may be tried on its merits. (*Ibid.*) Nevertheless, we cannot arbitrarily substitute our judgment for that of the trial court. (*Munoz v. State of California* (1995) 33 Cal.App.4th 1767, 1783 (*Munoz*); *Bennett v. City of Los Angeles* (1970) 12 Cal.App.3d 116, 120.)

B

In California, each spouse has a cause of action for loss of consortium caused by a negligent or intentional injury to the other spouse by a third party. (*Rodriguez v. Bethlehem Steel Corp.* (1974) 12 Cal.3d 382, 408.) Loss of consortium includes loss of support or services and embraces such elements as love, companionship, affection, society, sexual relations, the moral support each spouse gives the other, and the deprivation of a spouse's physical assistance in operating and maintaining the family

5

home.  (*Id.* at pp. 405, 409, fn. 31; *Priola v. Paulino* (1977) 72 Cal.App.3d 380, 390 (*Priola*).)

Irma contends that as a lay person, she had no way of knowing that she had a loss of consortium cause of action and her ignorance constituted excusable neglect. "Excusable neglect is neglect that might have been the act or omission of a reasonably prudent person under the same or similar circumstances." (*Ebersol, supra*, 35 Cal.3d at p. 435.)  In deciding whether a person's conduct is excusable, we look at (1) the nature of the mistake or neglect, and (2) whether the person was otherwise diligent in investigating and pursuing the claim.  (*Bettencourt, supra*, 42 Cal.3d at p. 276.)

"Claimants who have missed the claim filing deadline often argue that, as lay individuals, they simply did not know that they had a potential cause of action against a public entity.  However, lack of knowledge alone is not considered a sufficient basis for relief, when the claimant did not make an effort to obtain counsel.  'It is precisely because theories of third party liability are subtle, complex, and often not readily apparent to a [layperson] that due diligence requires at least consultation with legal counsel.' " (*Barragan v. County of Los Angeles* (2010) 184 Cal.App.4th 1373, 1383, italics omitted (*Barragan*); accord *Munoz, supra,* 33 Cal.App.4th at pp. 1778-1779; *Powell v. City of Long Beach* (1985) 172 Cal.App.3d 105, 109 (*Powell*); *Harrison v. County of Del Norte* (1985) 168 Cal.App.3d 1, 7 (*Harrison*).)  "In general, cases granting relief on the basis of excusable neglect involve plaintiffs who acted diligently to retain counsel within the [claim-filing] period. . . .  [¶]  In contrast, . . . the cases denying relief under section 946.6 involve situations where the plaintiff failed to take any action whatsoever in pursuit of his or her claim within [the claim-filing period]; cases where the conduct of plaintiff's retained counsel was clearly unreasonable or inexcusably dilatory; and cases in which there was simply no competent evidence before the trial court upon which it could exercise its discretion." (*Ebersol, supra*, 35 Cal.3d at pp. 435-437, fns. omitted.)

6

In *Ebersol*, the California Supreme Court held that relief should be granted on the basis of excusable neglect where the petitioner was ignorant of a possible cause of action against the public entity but she persisted in attempting to retain an attorney to pursue a claim for her injuries. (*Ebersol, supra,* 35 Cal.3d at pp. 435-437.) Here, Irma claims ignorance of her right to bring a cause of action for loss of consortium against SMUD, but she did not present any evidence showing that she made efforts to seek legal advice during the claim-filing period, even though she knew her husband and son were consulting an attorney. A party seeking relief under section 946.6 must act diligently (*Renteria v. Juvenile Justice, Department of Corrections & Rehabilitation* (2006) 135 Cal.App.4th 903, 912), and there is no evidence Irma acted with diligence during the claim-filing period. (*Munoz, supra*, 33 Cal.App.4th at p. 1778-1779; *People ex rel. Department of Transportation v. Superior Court* (2003) 105 Cal.App.4th 39, 44-45; *Department of Water & Power v. Superior Court* (2000) 82 Cal.App.4th 1288, 1293, 1296 (*Dept. of Water & Power*); contrast *Ebersol,* at p. 436; *Powell, supra,* 172 Cal.App.3d at p. 110.)

Unlike in the cases she cites, there is no indication Irma's failure to seek legal counsel was due to a disability or similar circumstance (contrast *Barragan, supra,* 184 Cal.App.4th at pp. 1385-1386; *Perez v. Escondido* (S.D. Cal. 2001) 165 F.Supp.2d 1111, 1117) or that the acts of a third party caused her to delay seeking legal advice (contrast *Viles v. State of California* (1967) 66 Cal.2d at 24, 27, 29-31). Irma's appellate counsel asserted at oral argument that Irma took reasonable steps to investigate her rights by setting a meeting with Melanson during the government claim-filing period but Melanson was unable to speak with Irma because Fernando suffered seizures during the December 22, 2017 meeting. The declarations submitted in support of the section 946.6 petition do not support those factual assertions. Irma averred that she did not investigate her rights because she did not know a wife had rights arising from injuries to her husband and Melanson came to the Rodriguez home to discuss Margarito's case. Irma did not say

7

she arranged to speak to an attorney about her legal rights. Melanson averred that she did not realize that she should have discussed a potential loss of consortium claim with Irma until March 2018, after the time for filing a government claim had expired. Melanson did not say that Irma was supposed to participate in the December 22, 2017 meeting with Melanson but they were unable to speak about Irma's potential rights or claims because Fernando had suffered seizures. Moreover, the record indicates Irma knew the facts upon which her claim for loss of consortium was based, i.e., that her husband sustained injuries from an electric shock for which SMUD was allegedly responsible and ` 1that she lost her husband's services or support as a result of his injuries. (*Vanhooser v. Superior Court* (2012) 206 Cal.App.4th 921, 927 [the elements to a cause of action for loss of consortium are (1) a valid and lawful marriage between the plaintiff and the person injured at the time of the injury; (2) a tortious injury to the plaintiff's spouse; (3) loss of consortium suffered by the plaintiff; and (4) the loss was proximately caused by the defendant's act]; contrast *DeVore v. Department of California Highway Patrol* (2013) 221 Cal.App.4th 454, 462-463 [the plaintiffs had no reason to retain counsel until they learned the facts upon which their claim against the public entity was based].) Her declaration said Margarito was electrocuted on August 17, 2017, he suffered serious injuries, and he was not his old self. (*Leonard v. John Crane, Inc.* (2012) 206 Cal.App.4th 1274, 1290; *Priola, supra*, 72 Cal.App.3d at pp. 388-391.)

Under the circumstances, we discern no abuse of discretion in the finding that Irma did not establish excusable neglect. (*Harrison, supra*, 168 Cal.App.3d at p. 8 [holding that the trial court did not abuse its discretion in denying section 946.6 relief where the plaintiff, who was unaware of potential causes of action and of the claim-presentation requirements, took no steps to obtain counsel until after the claim-filing period had expired].)

*Meighan v. Shore* (1995) 34 Cal.App.4th 1025, a case Irma cites to support her contention that she acted reasonably, does not change our conclusion. The issue in

*Meighan* was whether an attorney had a duty to inform a non-client spouse of a potential claim for loss of consortium.  (*Id.* at pp. 1029-1030.)  *Meighan* did not decide the diligence of the non-client spouse for purposes of relief under section 946.6.

## II

Irma next contends the trial court should have found that Melanson committed excusable mistake or neglect.

Melanson's declarations do not support a claim of ignorance or mistake of law. She did not aver, for example, that she did not know California recognized a loss of consortium cause of action or that she knew the facts but was mistaken about the legal consequences of those facts.  (*Moore v. State of California* (1984) 157 Cal.App.3d 715, 722 [defining mistake of law].)  Instead, she attested that she realized too late she should have explored a possible loss of consortium claim with Irma.

Although Irma claims Melanson's error was excusable, the argument does not relate to Irma's loss of consortium claim.  Rather, Irma asserts Melanson was diligent with regard to Margarito and Fernando's claims.  Irma does not show how Melanson acted diligently on Irma's behalf before the claim-filing period expired.  We are not required to examine undeveloped claims.  (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785; *Maral v. City of Live Oak* (2013) 221 Cal.App.4th 975, 984-985.)

At oral argument, Irma's appellate counsel claimed that Melanson intended to speak with Irma at the December 22, 2017 meeting but there was no opportunity to do so because Fernando suffered seizures during the meeting.  Melanson's declarations in support of the section 946.6 petition do not state such facts.  Also, there is no explanation why Melanson did not speak with Irma about her potential loss of consortium claim after December 22, 2017, but before the government claim-filing period expired.

To the extent Irma argues Melanson's omission amounted to positive misconduct, she fails to show how relief is warranted under that doctrine.  In general, the negligence

9

of counsel is imputed to the client and the client may not offer the attorney's neglect as a basis for relief, unless the attorney's neglect was excusable. (*Carroll v. Abbott Laboratories, Inc.* (1982) 32 Cal.3d 892, 898 (*Carroll*).) An exception to this general rule exists for " 'those instances where the attorney's neglect is of that extreme degree amounting to positive misconduct, and the person seeking relief is relatively free from negligence. [Citations omitted.] The exception is premised upon the concept the attorney's conduct, in effect, obliterates the existence of the attorney-client relationship, and for this reason his negligence should not be imputed to the client." (*Ibid,* italics omitted.)

Irma fails to show that the positive misconduct exception applies here because there was no evidence of an attorney-client relationship between Melanson or her law firm and Irma during the claim-filing period. If there was no attorney-client relationship, there was nothing to sever by operation of the positive misconduct exception. (See *Carroll, supra,* 32 Cal.3d at pp. 900-901 [the exception applies when there is a de facto severance or obliteration of the attorney-client relationship].)

We need not consider the issue of prejudice to SMUD inasmuch as Irma has not demonstrated that her failure to timely file a claim was due to a ground specified in section 946.6. (*Tammen v. County of San Diego* (1967) 66 Cal.2d 468, 478; *Dept. of Water & Power, supra*, 82 Cal.App.4th at p. 1297.)

III

Irma further contends the trial court should have granted relief under the mandatory provision of Code of Civil Procedure section 473, subdivision (b).

"[T]he showing required for relief under section 946.6 because of mistake, inadvertence, surprise or excusable neglect is the same as required under Code of Civil Procedure section 473 for relieving a party from a default judgment." (*Ebersol, supra*, 35 Cal.3d at p. 435.) However, the provision in Code of Civil Procedure section 473,

10

subdivision (b) requiring relief if the petitioner's attorney submits a sworn affidavit attesting to his or her mistake, inadvertence, surprise or neglect does not apply to a section 946.6 petition. (*Tackett v. City of Huntington Beach* (1994) 22 Cal.App.4th 60, 62, 65; see *Castro v. Sacramento County Fire Protection Dist.* (1996) 47 Cal.App.4th 927, 930.) Accordingly, we reject Irma's contention.

DISPOSITION

The order denying Irma's petition for relief under section 946.6 is affirmed. SMUD shall recover its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1).)


                                                   /S/
                                                 MAURO, J.


We concur:


    /S/
RAYE, P. J.


    /S/
ROBIE, J.