[No. B140841. Second Dist., Div. Three. July 21, 2000.]

DEPARTMENT OF WATER AND POWER OF THE CITY OF LOS ANGELES, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
SERGEY DZHIBINYAN, Real Party in Interest.

**COUNSEL**

James K. Hahn; Philip Shiner; and Renee J. Laurents for Petitioner.

No appearance for Respondent.

Donald E. Benjamin and Steven H. Unger for Real Party in Interest.

**OPINION**

**THE COURT.**\*—Petitioner Department of Water and Power of the City of Los Angeles (DWP) seeks a writ of mandate directing the trial court to

\*Before Klein, P. J., Croskey, J., and Aldrich, J.

vacate its order granting a petition for relief from the claim presentations requirements of the Tort Claims Act under Government Code section 945.4 et seq.[1] which order allowed claimant Sergey Dzhibinyan to file a late claim against the DWP based on a finding of "mistake" in the failure to file a timely government tort claim.

Relief from failure to timely present a government tort claim is available only if the applicant establishes by a preponderance of the evidence the failure was "through mistake, inadvertence, surprise, or excusable neglect." (§ 946.6, subd. (c)(1).) Following our initial review of the petition and the record, we reached a preliminary conclusion that the so-called mistake was not excusable in view of the fact that Dzhibinyan and his counsel at all relevant times had possession of and/or readily available access to the information necessary to determine the potential liability of the DWP and simply failed to take the steps necessary to protect the right to seek relief.

We therefore notified the trial court and the parties of our intention to grant the petition and to issue a peremptory writ in the first instance (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893]; *Lewis v. Superior Court* (1999) 19 Cal.4th 1232 [82 Cal.Rptr.2d 85, 970 P.2d 872]), directing the respondent court to vacate the order and instead to enter an order denying the application for relief.

We thereafter received opposition from Dzhibinyan's counsel, which opposition merely reiterated the information that the insurer for the other driver did not inform him the DWP might be partially liable. We conclude, as a matter of law, Dzhibinyan is not entitled to relief from the failure to file a timely tort claim. Accordingly, the petition is granted.

DISCUSSION

1. *Background.*

On March 10, 1999, Sergey Dzhibinyan sustained injury when he was involved in a car accident as a result of a collision with another vehicle. The DWP was working near the location of the accident and there was water on the roadway. The police were called to the scene of the accident. The

---

[1]All statutory references are to the Government Code. Section 911.2 requires the filing of a claim for personal injuries "*not later* than six months after the accrual of the cause of action." (Italics added.)

accident report prepared by the police indicates the roadway was flooded due to DWP work in the area. Dzhibinyan retained counsel and filed a lawsuit against the driver of the other vehicle but failed to investigate and determine the potential liability of the DWP even though at all relevant times the information was either in the possession of or readily available to Dzhibinyan and his counsel.

The six-month time period for filing a tort claim with a government entity ended on September 10, 1999. During that six-month period, Dzhibinyan and his counsel undertook no investigation of the water on the roadway resulting from the activities of the DWP and failed to file a timely claim.

On November 10, 1999, two months after expiration of the period for filing a tort claim with the DWP, Dzhibinyan filed a late claim in which he merely alleged he was unaware of the potential liability of the DWP until informed of the matter by "a third party insurance carrier." The DWP denied the claim on January 5, 2000.

On February 23, 2000, Dzhibinyan served a petition for relief from the claim filing requirements on the DWP, basing the request for relief on "inadvertence, surprise, or excusable neglect." In the petition, Dzhibinyan acknowledged he had obtained counsel and filed a lawsuit against the driver of the other vehicle but alleged "no knowledge" the DWP might be partially liable for the accident until October 22, 1999, when the other driver's insurance carrier mentioned its insured had filed a claim against the DWP.

The DWP opposed the motion for relief, pointing out the police report of the accident included the information a DWP crew was working on a water line near the traffic accident, gave the name of the DWP crew supervisor, and included the information that the roadway at the site of the accident was flooded at the time the accident occurred. The police also took photographs of the accident scene which photographs show DWP personnel working in the area of the accident site. The information was, at all relevant times, in the possession of or readily available to Dzhibinyan and his counsel.[2]

On March 31, 2000, the trial court granted the petition finding "mistake in that [Dzhibinyan] believed [the] other driver lost control when perhaps the

---

[2]The other driver involved in the accident filed a timely tort claim based on exactly the same information concerning the involvement of the DWP that was available to Dzhibinyan and his counsel.

water on roadway caused other driver to lose control. No showing by DWP of prejudice."

## 2. *Standard of review.*

Before a court may relieve a claimant from the statutory tort claim filing requirements, the claimant must demonstrate by *a preponderance of the evidence* both that the application to the public entity for leave to file a late claim was presented within a reasonable time *and* that the failure to file a timely claim was due to mistake, inadvertence, surprise or excusable neglect. (*Shank v. County of Los Angeles* (1983) 139 Cal.App.3d 152, 156 [188 Cal.Rptr. 644].)

The mere recital of mistake, inadvertence, surprise or excusable neglect is not sufficient to warrant relief. Relief on grounds of mistake, inadvertence, surprise or excusable neglect is available only on a showing that the claimant's failure to timely present a claim was reasonable when tested by the objective "reasonably prudent person" standard. The definition of excusable neglect is defined as "neglect that might have been the act or omission of a reasonably prudent person under the same or similar circumstances." (*Ebersol v. Cowan* (1983) 35 Cal.3d 427, 435 [197 Cal.Rptr. 601, 673 P.2d 271].)

There must be more than the mere failure to discover a fact; the party seeking relief must establish the failure to discover the fact in the exercise of reasonable diligence. (*Munoz v. State of California* (1995) 33 Cal.App.4th 1767, 1783 [39 Cal.Rptr.2d 860].) The party seeking relief based on a claim of mistake must establish he was diligent in investigating and pursuing the claim (*Bettencourt v. Los Rios Community College Dist.* (1986) 42 Cal.3d 270, 276 [228 Cal.Rptr. 190, 721 P.2d 71]) and must establish the necessary elements justifying relief by the preponderance of the evidence. (*Santee v. Santa Clara County Office of Education* (1990) 220 Cal.App.3d 702, 717 [269 Cal.Rptr. 605].)

The decision to grant or deny a petition for relief is within the sound discretion of the trial court but that discretion is not unfettered. It must be exercised in conformity with the spirit of the law. (*Bettencourt v. Los Rios Community College Dist., supra,* 42 Cal.3d at p. 275.) The general policy favoring trial on the merits cannot be applied indiscriminately so as to render ineffective the statutory time limits. (*Trailmobile, Inc. v. Superior Court* (1989) 210 Cal.App.3d 1451, 1455-1456 [259 Cal.Rptr. 100].)

The determinative issue is whether the reasonable diligence requirement is satisfied where the claimant and his counsel knew the roadway

was flooded at the time of the accident due to work being performed by the DWP and failed to act on that knowledge within the statutory time limit.[3]

### 3. *Reasonable diligence.*

Excusable neglect is defined as neglect that might have been the act or omission of a reasonably prudent person under the same or similar circumstances. In deciding whether the error in failing to timely file the tort claim is excusable, the reviewing court looks to the nature of the mistake or neglect and whether counsel was otherwise diligent in investigating and pursuing the claim. (*Munoz v. State of California, supra,* 33 Cal.App.4th at pp. 1782-1783.)

A claimant is required to show that within the statutory time period he " 'did not know *or have reason to know*' " that a government entity is involved. (*Leake v. Wu* (1976) 64 Cal.App.3d 668, 673 [134 Cal.Rptr. 616].) In *Leake,* the court affirmed an order denying relief "where the lateness of the claim was attributable to the failure of the parties' attorneys to conduct a reasonably prudent investigation of the circumstances. . . ." (*Id.* at p. 673.) Dzhibinyan and his counsel were aware the DWP was working on the water system and caused the flooding of the roadway. When there is a readily available source of information from which the potential liability of a government entity may be discovered, a failure to use that source is deemed inexcusable. (*Rojes v. Riverside General Hospital* (1988) 203 Cal.App.3d 1151, 1163, fn. 5 [250 Cal.Rptr. 435].)

In *Black v. County of Los Angeles* (1970) 12 Cal.App.3d 670 [91 Cal.Rptr. 104], the claimant retained counsel less than two weeks after her husband was killed in an automobile accident. Her counsel filed suit against the driver of the other car but, as in this case, did not investigate the condition of the road. Approximately 10 months after the accident, the claimant's counsel took the deposition of the other driver who indicated the condition of the road caused the accident. Counsel then obtained a copy of the traffic report prepared by the California Highway Patrol. The report showed the measurements and exact location of the accident and indicated a condition which

---

[3]Once the potential plaintiff has retained counsel, it is the responsibility of counsel to diligently investigate the facts, identify possible defendants, and timely file the tort claim. (*Ebersol v. Cowan, supra,* 35 Cal.3d at p. 439.) Section 946.6 expressly requires a showing of *excusable* neglect for relief from the failure to file a tort claim. Mistake of counsel is not a basis for granting relief from the claim filing requirements. (*Tackett v. City of Huntington Beach* (1994) 22 Cal.App.4th 60, 64-65 [27 Cal.Rptr.2d 133].)

suggested a potential cause of action against the county. Counsel filed a tort claim approximately six months after expiration of the 100-day period for filing a claim.[4] In affirming the denial of a petition seeking relief from the claims filing statute, the *Black* court held even though claimant had acted diligently in obtaining counsel, her counsel did not exercise reasonable diligence in failing to obtain a copy of the accident report within the statutory time period. (12 Cal.App.3d at p. 676.)

Dzhibinyan and his counsel had easily available access to a copy of the accident report. There was no misconception about the identity of the DWP or of the facts. Even though they had exactly the same information as the driver of the other vehicle who filed a timely tort claim with the DWP, Dzhibinyan and his counsel conducted no investigation whatsoever regarding DWP's potential liability and did not contact or communicate with DWP during the statutory time period. There was a total failure to act with due diligence *during* the claims filing period.

The request for relief is based on the allegation the other driver's insurance carrier did not inform Dzhibinyan's counsel of the potential liability of the DWP. Even if the insurer of another party had a duty to inform Dzhibinyan's counsel (and no such duty exists), it is totally unreasonable to rely on another party to determine the parties with potential liability. In *Greene v. State of California* (1990) 222 Cal.App.3d 117 [272 Cal.Rptr. 52], an employee with the county clerk's office told counsel's secretary that the accident location was in Orange County. However, the issue was not the location of the accident but ownership of the roadway where the accident occurred. The *Greene* court commented: "Even assuming appellant was erroneously advised the county owned the roadway, it is incredible counsel did not immediately file an application and claim with the state to protect her client's interests. Attorneys representing clients in personal injury matters routinely try to locate as many potential tortfeasors as possible to ensure his or her client receives adequate compensation." (*Id.* at p. 122.) *Greene* held there was no basis for relief where counsel failed to exercise reasonable diligence to discover the true owner of the site where the accident occurred. (*Id.* at p. 123.)

This case is not unlike *DeYoung v. Del Mar Thoroughbred Club* (1984) 159 Cal.App.3d 858 [206 Cal.Rptr. 28], in which the potential plaintiff was informed by a representative of the race track where she fell that the track

---

[4]Section 911.2, which became operable on January 1, 1988, extended the time for filing a tort claim from 100 days to 6 months.

was solely responsible for the injury.[5] The *DeYoung* court held it was unreasonable for the claimant's counsel to interpret the statement of the track's representative as meaning no other entity had any responsibility for the injury. Rather, the claimant and her counsel should have conducted an investigation. Reliance on an adversary's statement in the face of a statute of limitations is inexcusable neglect. (*Id.* at pp. 864-865.)[6] Not every mistake excuses a default; it is "[t]he reasonableness of a misconception leading to the failure to timely file under section 911.2 [that] determines whether relief will be granted under section 946.6." (*DeYoung v. Del Mar Thoroughbred Club, supra,* 159 Cal.App.3d at p. 864.)

Excusable neglect is that neglect which might have been the act of a reasonably prudent person under the circumstances. A person seeking relief must show more than just failure to discover a fact until too late; or a simple failure to act. He must show by a preponderance of the evidence that in the use of reasonable diligence, he could not discover the fact or could not act upon it. (*City of Fresno v. Superior Court* (1980) 104 Cal.App.3d 25, 32 [163 Cal.Rptr. 807].)

The failure to file a timely tort claim is unreasonable under the circumstances. Dzhibinyan and his counsel either had actual possession of or readily available access to the police report and other information concerning the water on the roadway resulting from the activities of the DWP and knew or should have known about potential liability of the DWP. Where the lateness of the claim is attributable to the failure of the claimant or his counsel to conduct a reasonably prudent investigation of the circumstances of the accident, relief from the claims filing statute is not available. " 'It is not the purpose of remedial statutes to grant relief from defaults which are the result of inexcusable neglect of parties or their attorneys in the performance of the latter's obligation to their clients.' [Citation.]" (*Shank v. County of Los Angeles, supra,* 139 Cal.App.3d at p. 157.)

4.  *Prejudice.*

■ It is well settled that actual knowledge by the public entity of the circumstances of a potential claim constitutes neither substantial compliance

---

[5] Waiver and estoppel were issues in *DeYoung*, arising from an affirmative statement made to the plaintiff's counsel. Neither issue is present here. No representative of the DWP made any representation concerning its potential liability.

[6] Dzhibinyan has presented no authority, and we are aware of none, which places a duty upon a public entity to make affirmative efforts to contact a potential claimant to inform them of the government tort claim requirements. What is more, Dzhibinyan's counsel is not relying on an affirmative statement made by the DWP but on the alleged failure of the other driver's insurer to inform him about the DWP.

with the claims statute by the claimant nor a basis for estoppel. (*City of San Jose v. Superior Court* (1974) 12 Cal.3d 447, 455 [115 Cal.Rptr. 797, 525 P.2d 701, 76 A.L.R.3d 1223].) The public entity has no burden of establishing prejudice arising from the failure to file a timely claim until after the party seeking relief has made a prima facie showing of entitlement to relief. (*Tammen v. County of San Diego* (1967) 66 Cal.2d 468, 478 [58 Cal.Rptr. 249, 426 P.2d 753]; *Hasty v. County of Los Angeles* (1976) 61 Cal.App.3d 623, 627 [131 Cal.Rptr. 347].) No such showing has been made here. Thus, the DWP is not required to establish prejudice arising from the inexcusable neglect of Dzhibinyan and his counsel.

### 5. *Application*

Dzhibinyan and his counsel had actual knowledge of and/or had readily available means of discovering the possible liability of the DWP and cannot show by a preponderance of the evidence that failure to act on such knowledge amounts to the exercise of *reasonable diligence.* (*Leake v. Wu, supra,* 64 Cal.App.3d at p. 673.) The total failure to investigate and take action to protect Dzhibinyan's rights is not reasonable under the circumstances. A remedial statute may not be utilized to obtain relief from a default which results from the unreasonable neglect of the party or from counsel's failure to fulfill his or her obligation to the client. (*Shank v. County of Los Angeles, supra,* 139 Cal.App.3d at p. 157.)

### CONCLUSION

Under the circumstances here, the failure to file the government tort claim *during the statutory time period* is neither reasonable nor excusable. All the information was known and/or readily available. A reasonable person, under the circumstances, would have investigated the facts and filed the tort claim within the statutory period. The trial court applied the standard for relief in a manner which renders ineffective the time limitation in circumstances where plaintiff and his counsel failed to show reasonable diligence during the statutory period.

The trial court's order granting relief under these circumstances is a manifest abuse of its discretion. The DWP's "entitlement to relief is so obvious that no purpose could reasonably be served by plenary consideration of the issue . . . ." (*Ng v. Superior Court* (1992) 4 Cal.4th 29, 35 [13 Cal.Rptr.2d 856, 840 P.2d 961].)

## DISPOSITION

The relief requested in the petition is granted. Let a peremptory writ of mandate issue in the first instance directing the respondent court to: (1) vacate the erroneous order granting relief from the requirement to file a timely claim; and (2) enter an order denying the motion.

The stay issued by this court on May 12, 2000, is vacated.

No costs are awarded in this proceeding.