Filed 10/26/21  Wood v. Pioneer Fire Protection Dist. CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| KATHERINE WOOD, | C089712 |
| Plaintiff and Appellant, | (Super. Ct. No. PC20190038) |
| v. | |
| PIONEER FIRE PROTECTION DISTRICT, | |
| Defendant and Respondent. | |

Katherine Wood appeals from the superior court's denial of her petition for relief from the claim presentation requirement of Government Code section 945.4.[1,2]  Wood served the wrong public entity with her claim on the next to last day for doing so under the Government Claims Act (§ 810 et seq.).  She now argues the court abused its

---

[1]  Undesignated statutory references are to the Government Code.

[2]  This case was fully briefed on October 30, 2020.  The panel as presently constituted was assigned this matter in May 2021.

1

discretion when it denied her petition seeking relief on the ground of mistake, inadvertence, surprise, and excusable neglect. We affirm.

## I. BACKGROUND

Wood resigned from her job at the Pioneer Fire Protection District (District) on March 9, 2018.

Nearly six months later, on Friday, September 7, 2018, Wood presented a claim to the County of El Dorado (County). In it, she alleged she had worked at the District as the district administrative secretary/assistant for five years until she was constructively discharged on March 9. Wood alleged she was harassed and retaliated against by the board of directors and District personnel for reporting what she understood to be unlawful activity, including "improper use of District funds," and because her husband had made his own complaints.

On September 12, 2018, the County rejected the claim, explaining that "[t]he Pioneer Fire Protection District is a separately constituted and governed public agency over which the County of El Dorado exercises no administrative or operational control. Any liability alleged to arise out of the conduct of employees or directors of the Pioneer Fire Protection District does not create a justiciable controversy between your client and the County of El Dorado."

On September 21, 2018, Wood presented a claim to the District. The District returned the claim because it had not been presented within six months.

Wood submitted an application to the District for leave to present a late claim based on mistake, inadvertence, surprise, and excusable neglect.

Specifically, the application stated that "[a]t the time the claim was submitted, [Wood]'s counsel was not aware that Pioneer Fire Protection District required that [c]laim [f]orms be submitted directly to the district rather than submitting it to the County." The District denied the application.

2

Wood filed a petition for relief from the claim requirement in superior court based on the same grounds. We set forth the relevant argument in full, which was supported entirely by a declaration from Wood's counsel:

"When preparing the initial claim, [Wood]'s attorney reviewed [Wood]'s personnel file [which] confirms that [Wood] and District personnel were paid by the County of El Dorado and that [Wood]'s personnel action forms were County personnel forms. [Citation.]

"Further, the []District website does not provide any information on submission of a claim, nor does it have a claim form that can be downloaded. Examining District documents obtained from her client, [Wood]'s attorney reviewed the Pioneer Fire Protection District Board of Directors Policy and Procedures Manual which specifically sets forth on page 7 that the District was formed as a Fire Protection District and named 'Pioneer Fire Protection District of El Dorado County.' [Citations.] The County governs Board elections [citation] and further statements in the manual state that [the District]'s code review is conducted by the El Dorado County Board of Supervisors. [Citation.]

"The foregoing information was consistent with other information available to [Wood] and her attorney. [Wood]'s counsel had previously submitted other claims to small fire districts in El Dorado County and their employees directly to the El Dorado County Board of Supervisors, which claims were processed through the County. [Citation.]

"Third, [Wood]'s attorney was also aware that the attorneys used by [the District] are the same attorneys who handled the other ongoing claim that was submitted directly to and processed by the County Board of Supervisors.

"Based on the foregoing information, facts and background, [Wood] reasonably, but mistakenly[,] believed that the claims process would be the same for both Districts. Because the District did not notify [Wood] that the claim was presented to the wrong entity until <u>after</u> the timeframe to present the original claim had expired, [Wood] was

3

unable to resubmit the claim directly to [the District] prior to September 10, 2018." (Fns. omitted.)

In opposition, the District argued Wood and her counsel did not meet their burden to prove mistake, inadvertence, surprise, or excusable neglect and that neither of them exercised reasonable diligence. The District argued that due to her role as the administrative assistant for the fire chief, Wood was aware of the separateness of the District and the County. In particular, she knew she was paid by the District on County checks. Wood's husband had served on the District's board of directors. Additionally, the District argued the relationship between the District and County is easily discoverable with reasonable diligence through researching the relevant statutory law. Moreover, in 2016, Wood's counsel had received a rejection notice from the County in response to a claim regarding the Mosquito Fire Protection District that stated, "The Mosquito Fire Protection District is a separately constituted and governed public agency over which the County of El Dorado exercises no jurisdictional or operational control. Any liability alleged to arise out of the conduct of employees or directors of the Mosquito Fire Protection District does not create a justiciable controversy between your client and the County of El Dorado." The District further argued that by the time Wood submitted her claim, it was too late to resubmit the claim with a different entity if it was rejected.

The County was named as a real party in interest and it also opposed Wood's petition.

In reply, Wood's counsel explained that she submitted a second claim to the County related to the Mosquito Fire Protection District case, and that the County never responded to the second claim at all. Wood argued the rejection of the first claim did not put her counsel on notice regarding the Pioneer Fire Protection District because Wood's claim involves different legal issues and the Mosquito Fire Protection District lawsuit did not actually require a government claim.

4

In a May 3, 2019 order, the court denied Wood's petition for relief from the claim presentation requirement. As relevant to this appeal, the court explained "[u]nder the totality of the circumstances presented, the conduct of counsel to once again file a Fire Protection District claim with the County over two years after counsel had learned that [f]ire [d]istricts in the County of El Dorado are separate and distinct public entities and failure to act with due diligence in researching the proper entity to present the claim to was not that of a reasonably prudent person under similar circumstances, and thus constituted inexcusable neglect."

Wood subsequently filed a request for dismissal as to the County without prejudice, and this dismissal was entered on June 5, 2019. The next day, Wood filed a timely notice of appeal from the order denying her petition for relief from the claim presentation requirement.[3]

## II. DISCUSSION

### A. *Government Claim Presentation Requirements*

No suit for damages may be maintained against a public entity unless a written claim has first been presented to it. (§ 945.4.) A claim for personal injury must be presented "not later than six months after the accrual of the cause of action." (§ 911.2, subd. (a).) "When a claim . . . is not presented within that time, a written application may be made to the public entity for leave to present that claim." (§ 911.4, subd. (a).)

"If an application for leave to present a claim is denied or deemed denied pursuant to Section 911.6, a petition may be made to the court for an order relieving the petitioner from Section 945.4." (§ 946.6, subd. (a).) The court must grant a petition for relief from the claim requirement "if the claimant demonstrates by a preponderance of the evidence

---

[3] "An order denying a claim-relief petition is an appealable order because it effectively determines a petitioner's right to relief from the claim presentation requirements." (*Santee v. Santa Clara County Office of Education* (1990) 220 Cal.App.3d 702, 710.)

the application to the public entity under . . . section 911.4 was made within a reasonable time not exceeding one year after the accrual of the cause of action, and one of the other four requirements listed in . . . section 946.6, subdivision (c) is met." (*Munoz v. State of California* (1995) 33 Cal.App.4th 1767, 1777.) One of the requirements is that "[t]he failure to present the claim was through mistake, inadvertence, surprise, or excusable neglect unless the public entity establishes that it would be prejudiced in the defense of the claim." (§ 946.6, subd. (c)(1).) "In determining whether relief is warranted, the court will consider the petition, any affidavits submitted in support of or in opposition to the petition, and any other evidence presented at the hearing." (*Munoz, supra*, at pp. 1777-1778; see § 946.6, subd. (e).)

B.      *Standard of Review*

"The decision to grant or deny a petition seeking relief under section 946.6 is within the sound discretion of the trial court and will not be disturbed on appeal except for an abuse of discretion." (*Bettencourt v. Los Rios Community College Dist.* (1986) 42 Cal.3d 270, 275.) "Abuse of discretion is shown where uncontradicted evidence or affidavits of the petitioner establish adequate cause for relief." (*Ebersol v. Cowan* (1983) 35 Cal.3d 427, 435.) The remedial policies underlying section 946.6 "are 'that wherever possible cases be heard on their merits, and any doubts which may exist should be resolved in favor of the application.' [Citation.] Thus, '[a]n appellate court will be more rigorous in examining the denial of such relief than its allowance.' " (*Ebersol, supra*, at p. 435.) "[T]his does not mean relief . . . should be granted casually" or that we may substitute our own judgment for the function of the superior court. (*Munoz v. State of California, supra*, 33 Cal.App.4th at pp. 1783-1784.) "It is not the purpose of remedial statutes to grant relief from defaults which are the result of inexcusable neglect of parties or their attorneys in the performance of the latter's obligation to their clients." (*Tammen v. San Diego County* (1967) 66 Cal.2d 468, 478.)

6

C.    *A Reasonably Prudent Person Would Have Submitted A Timely Claim to the*
      *District*

Wood argues she made "a sufficient showing of mistake, inadvertence, surprise, and excusable neglect."  Further, she contends the superior court abused its discretion by ignoring her uncontradicted evidence and imputing knowledge to counsel based on the notice pertaining to the Mosquito Fire Protection District.  We disagree.

"Relief on grounds of mistake, inadvertence, surprise or excusable neglect is available only on a showing that the claimant's failure to timely present a claim was reasonable when tested by the objective 'reasonably prudent person' standard." (*Department of Water & Power v. Superior Court* (2000) 82 Cal.App.4th 1288, 1293.)  In other words, "the court inquires whether 'a reasonably prudent person under the same or similar circumstances' might have made the same error."  (*Bettencourt v. Los Rios Community College Dist., supra*, 42 Cal.3d at p. 276.)  "A petitioner or counsel for a petitioner must show more than the mere failure to discover a fact until too late"; instead, the party seeking relief must establish, by a preponderance of the evidence, that in the exercise of reasonable diligence he or she did not discover it.  (*Munoz v. State of California, supra*, 33 Cal.App.4th at p. 1783.)  The superior court's conclusion was based on its assessment of the totality of the evidence, and it is Wood who disregards the evidence that is not in her favor.

The District submitted evidence that contradicted Wood's counsel's version of events and demonstrated a lack of diligence under the circumstances.  In March 2018, Wood's counsel requested a copy of Wood's personnel file from the District itself.  The documents Wood cites from that file are consistent with the District's evidence that it utilizes the County of El Dorado's Auditors & Treasurers Office for its accounting, accounts receivable, payable, and payroll.  While checks from the County are used, employees are paid by the District.  Indeed, the District's fire chief declared that in training her replacement, Wood explained that she was hired by the District and all

7

employee compensation and benefits come from the District alone. Wood did not effectively rebut this evidence. Therefore, the superior court concluded it was "established by the evidence before the court . . . that [Wood] herself was well aware that the District was a separate public entity with a separate budget, payroll, and benefits, even though the checks were generated by the County."

Wood's attorney initially declared she had practiced law in El Dorado County for 20 years and, "I personally, have submitted multiple claims to El Dorado County for County employees as well as other small fire districts. Each of these claims was submitted directly to and processed by the El Dorado County Board of Supervisors and its risk manager. . . . For a recent example, my office currently handles a case involving a claim against Mosquito Fire Protection District. This claim was submitted to the County Board of Supervisors prior to Ms. Wood's claim and processed by the County directly. Thus, it was my belief that Ms. Wood's government tort claim was being presented to the proper responsible municipal entity."

In contrast, the County's risk manager declared that he prepared the notices of rejection regarding the Mosquito Fire Protection District and this proceeding, and that he reviewed the claims Wood's counsel has submitted to the County and is "unaware of any other government claims which were filed by [Wood's counsel] with the County against any non-county entity." Thus, Wood's counsel's initial declaration was contradicted by the District's evidence.

At a minimum, the District's evidence demonstrates Wood's counsel should have done more to discern the relationship between the District and the County. Had she done so, statutory law provides that all claims against the District "shall be audited, allowed, and paid by order of the district board." (Health & Saf. Code, § 13903, subd. (b).) The superior court explained "[t]his legal authority is in the Fire Protection District Law of 1987 [(Health & Saf. Code, 13800 et seq.)] and readily available to attorneys who research the law related to Fire Protection Districts." "When there is a readily available

8

source of information from which the potential liability of a government entity may be discovered, a failure to use that source is deemed inexcusable." (*Department of Water & Power, supra*, 82 Cal.App.4th at p. 1294.) Wood does not acknowledge or address this failure to research the relevant law.

Under the circumstances, we cannot conclude the superior court abused its discretion in determining Wood did not establish grounds for relief by a preponderance of the evidence. Indeed, we must agree with the trial court's conclusion that a reasonably prudent person would have submitted a claim to the District within the statutory period.

D.     *Alleged Bias*

Wood asserts the superior court judge who heard her petition should have recused herself under Code of Civil Procedure section 170.1. Specifically, Wood alleges there is an appearance of bias based on the judge's recusal, eight months after ruling on her petition, from the Mosquito Fire Protection District case.[4] (See Code Civ. Proc., § 170.1, subd. (a)(6)(A)(iii) ["A person aware of the facts might reasonably entertain a doubt that the judge would be able to be impartial"].) Such an argument must be first raised in the superior court. (*Kern County Dept. of Child Support Services v. Camacho* (2012) 209 Cal.App.4th 1028, 1038; see Code Civ. Proc., § 170.3, subd. (c)(1).) Further, a statutory claim that a judge was disqualified for bias under Code of Civil Procedure section 170.1 can be raised in an appellate court only by writ; it cannot be raised on appeal. (Code Civ. Proc., § 170.3, subd. (d); *Clary v. City of Crescent City* (2017) 11 Cal.App.5th 274, 300.) Thus, we must reject Wood's assertion of bias as it is not properly before us.

---

[4] We previously denied Wood's request for judicial notice of this recusal.

## III.  DISPOSITION

The order is affirmed.  The Pioneer Fire Protection District shall recover its costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1) & (2).).

/S/

RENNER, J.

We concur:

/S/

BLEASE, Acting P. J.

/S/

ROBIE, J.