Filed 3/25/24  Janis v. Sacramento Housing and Redevelopment Agency CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| LYLE JANIS, | C098094 |
| Plaintiff and Appellant, | (Super. Ct. No. 34-2022-00326831-CU-PT-GDS) |
| v. | |
| SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, | |
| Defendant and Respondent. | |

This appeal arises out of the failure to comply with the claim presentation requirements of the Government Claims Act (Gov. Code, § 810 et seq.) (the Act).[1]  The Act provides that no suit for money or damages may be brought against a public entity unless a claim has first been presented to the public entity and rejected by it.  (§ 945.4.)  A claim for personal injuries must be presented within six months of the accrual of the

---

[1]    Further undesignated statutory references are to the Government Code.

1

cause of action. (§ 911.2, subd. (a).) If it is not, the injured party may file an application with the public entity for leave to present a late claim. (§ 911.4, subd. (b).) If the application is denied, the injured party may file a petition in the superior court seeking relief from the claim presentation requirements of the Act. (§ 946.6, subd. (a).) The superior court "shall" grant the petition if, among other things, "[t]he failure to present the claim was through mistake, inadvertence, surprise, or excusable neglect." (§ 946.6, subds. (b)(2) & (c)(1).)

In this case, plaintiff and appellant Lyle Janis appeals the trial court's decision denying his petition seeking relief from the claim presentation requirement of the Act. Finding no abuse of discretion, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

In ruling on a petition for relief from the claim presentation requirements, the trial court considers "the petition, any affidavits in support of or in opposition to the petition, and any additional evidence received at the hearing on the petition." (§ 946.6, subd. (e).) The facts below thus come from these sources.

On September 21, 2021, Janis sustained personal injuries when the bicycle he was riding was struck by a motor vehicle driven by Wilfredo Buenafe. Janis contended the accident was Buenafe's fault because he failed to make a complete stop at a stop sign and failed to yield the right of way to Janis.

Janis retained counsel sometime in September 2021, and in November 2021, his attorney requested a copy of the traffic collision report (the Report). Janis's attorney stated the Report was delivered to her office sometime in December, and that it identified a public entity—namely, defendant and respondent Sacramento Housing and Redevelopment Agency (SHRA)—that was potentially liable for Janis's injuries.[2] The

---

[2]     In particular, the Report states Buenafe was driving the vehicle that hit Janis, and that the vehicle was owned by SHRA.

2

attorney also stated her secretary failed to give her the Report when it was delivered. The attorney acknowledged the deadline to present a timely claim to SHRA was March 21, 2022, but she stated her secretary "failed to calendar the . . . claim," and the claim thus was not timely presented "[d]ue to a calendaring mistake" by "clerical staff." She stated she first learned of the mistake when "the attorney representing [SHRA] called and left a message inquiring about the status of the claim," and she then "[i]mmediately" filed an application to present a late claim on April 22, 2022. SHRA denied the application on May 19, 2022.

Janis then filed a petition for relief from the claim presentation requirements. He argued the failure to file a timely claim was due to a "calendaring mistake by [his] attorney's clerical staff," and the mistake was "excusable." He supported his petition with a declaration from his attorney that recounted the facts set forth above. SHRA opposed the petition but did not submit any additional declaration(s) or evidence.

The court denied the petition, finding Janis failed to present sufficient evidence that the failure to file a timely claim was due to mistake, inadvertence, surprise or excusable neglect within the meaning of section 946.6. In particular, the court found Janis's attorney was not diligent because although she requested the Report in November 2021, she never followed up on the request to see if the Report had been received, and thus did not know until after the claim presentation deadline had expired that it had been sitting in her office for months and showed SHRA's involvement in the accident.

Janis filed a timely notice of appeal.

### DISCUSSION

### I

### *Standard of Review*

The decision to grant or deny a petition seeking relief from the claim presentation requirements "is within the sound discretion of the trial court and will not be disturbed on appeal except for an abuse of discretion." (*Bettencourt v. Los Rios Community College*

3

*Dist.* (1986) 42 Cal.3d 270, 275.) The abuse of discretion standard is deferential, and we may not substitute our own judgment for that of the trial court whose job it is to decide these petitions. (*Munoz v. State of California* (1995) 33 Cal.App.4th 1767, 1783.) " '[W]e are not interested in the question as to whether the trial court could have granted relief based on the claimed mistake . . . , but, since the trial court denied relief, only in whether such holding was within its discretion.' " (*Tammen v. County of San Diego* (1967) 66 Cal.2d 468, 476.)

Janis acknowledges the denial of the petition is reviewed for an abuse of discretion, but he emphasizes our Supreme Court has stated, "Section 946.6 is a remedial statute intended to provide relief from technical rules which otherwise provide a trap for the unwary claimant. [Citation.] The remedial policies underlying the statute are 'that wherever possible cases be heard on their merits, and any doubts which may exist should be resolved in favor of the application.' [Citation.] Thus, '[a]n appellate court will be more rigorous in examining the denial of such relief than its allowance.' " (*Ebersol v. Cowan* (1983) 35 Cal.3d 427, 435; see also *Bettencourt v. Los Rios Community College Dist., supra*, 42 Cal.3d at p. 276 ["In light of the policy considerations underlying section 946.6, a trial court decision denying relief will be scrutinized more carefully than an order granting relief"].) This is true, and, as directed, we have rigorously reviewed the trial court's decision in this case. We note, however, that being "more rigorous" does not change the underlying standard of review, which remains the deferential abuse of discretion standard. We also note, "The general policy favoring trial on the merits cannot be applied indiscriminately so as to render ineffective the statutory time limits" (*Department of Water & Power v. Superior Court* (2000) 82 Cal.App.4th 1288, 1293 (*Department of Water & Power*)), and, "It is not the purpose of remedial statutes to grant relief from [mistakes] which are the result of inexcusable neglect of parties or their attorneys in the performance of the latter's obligation to their clients" (*Tammen v. County of San Diego, supra*, 66 Cal.2d at p. 478).

4

## II

### *Section 946.6*

"Before a court may relieve a claimant from the [Act's] claim filing requirements, the claimant must demonstrate by a preponderance of the evidence . . . that the failure to file a timely claim was due to mistake, inadvertence, surprise or excusable neglect. [Citation.] [¶] The mere recital of mistake, inadvertence, surprise or excusable neglect is not sufficient to warrant relief. Relief on grounds of mistake, inadvertence, surprise or excusable neglect is available only on a showing that the claimant's failure to timely present a claim was reasonable when tested by the objective 'reasonably prudent person' standard. The definition of excusable neglect is defined as 'neglect that might have been the act or omission of a reasonably prudent person under the same or similar circumstances.' [Citation.] [¶] There must be more than the mere failure to discover a fact; the party seeking relief must establish the failure to discover the fact in the exercise of reasonable diligence." (*Department Water & Power, supra*, 82 Cal.App.4th at p. 1293, italics omitted.) "Although only 'neglect' is qualified by the adjective 'excusable,' it is uniformly held that for relief on any or all of the stated grounds it must be shown that one's misconception was reasonable, or that it might have been the conduct of a reasonably prudent person under similar circumstances. [Citation.] Plaintiff must show more than that she did not discover a fact until too late; she must establish that in the use of reasonable diligence she failed to discover it." (*Cole v. City of Los Angeles* (1986) 187 Cal.App.3d 1369, 1376.)

Where, as here, the claimant makes a diligent effort to obtain legal counsel, "it is the responsibility of legal counsel to diligently pursue the pertinent facts of the cause of action to identify possible defendants," and the question when ruling on a petition for relief from the claim presentation requirement is whether counsel's mistake or neglect is excusable. (*Munoz v. State of California, supra*, 33 Cal.App.4th at p. 1779; see *id.* at pp. 1782-1783.) In determining whether counsel's mistake is excusable, we consider

both "the nature of the mistake or neglect," and "whether counsel was otherwise diligent in investigating and pursuing the claim." (*Bettencourt v. Los Rios Community College Dist., supra*, 42 Cal.3d at p. 276.)

III

*Analysis*

For purposes of this appeal, we accept Janis's attorney's statement that her secretary did not give her the Report when it was delivered to the office in December 2021. We will also assume that the secretary's error was excusable (even though we have no declaration from the secretary and thus no idea why the secretary failed to give the Report to the attorney). In order to be entitled to relief from the claim presentation requirements, however, the attorney still had to show that *she* was otherwise diligent in pursuing the claim, and "in the use of reasonable diligence," she could not have discovered SHRA's potential liability in time to file a timely claim. (*Department of Water & Power, supra*, 82 Cal.App.4th at p. 1296; see *id.* at p. 1293.) She fails to make such a showing.

Where counsel "either ha[s] actual possession of or readily available access to" a report showing a public entity is potentially liable for the claimant's injuries, relief from the claim presentation requirement is not available. (*Department of Water & Power, supra*, 82 Cal.App.4th at p. 1296; see *id.* at p. 1293.) Here, the Report showing SHRA's potential liability for Janis's injuries was in his attorney's office months before the claim presentation deadline passed. Although his attorney apparently was not aware of that fact, she had both actual possession of *and* readily available access to the Report.

*Department of Water & Power* is instructive. The real party in interest in that case was involved in a two-car collision. The Department of Water & Power (DWP), a public entity, was working near the location of the accident, there was water on the roadway, and the accident report prepared by the police indicated the roadway was flooded due to DWP's work. The real party in interest retained counsel and sued the driver of the other

6

vehicle, but failed to determine the potential liability of DWP until after the six-month claim presentation period had passed. The real party in interest and his counsel claimed they had no knowledge DWP might be liable until the other driver's insurance carrier mentioned its insured had filed a claim against DWP. (*Department of Water & Power, supra*, 82 Cal.App.4th at pp. 1291-1292.) The trial court granted relief from the claim presentation requirement, and DWP sought a writ of mandate. The appellate court held "the failure to file a timely tort claim is unreasonable under the circumstances" because "[the real party in interest] and his counsel either had actual possession of or readily available access to the police report." (*Id*. at p. 1296.) The appellate court thus directed the trial court to vacate its order granting relief from the claim presentation requirements. (*Id*. at p. 1298.)

So, too, in this case. The failure to file a timely claim is unreasonable under the circumstances. The Report was in Janis's attorney's office by December 2021, which is approximately three months *before* the six-month claim presentation period expired on March 21, 2022. According to the attorney's declaration, she ordered the Report in November 2021, and she first learned of SHRA's involvement in April 2022, when SHRA called to ask about the status of the claim. It is implicit from her declaration that, during this five-month time period, she never followed up with her secretary to ask about the status of the Report. A reasonably prudent and diligent attorney would have followed up with her secretary within the five-month period after requesting the Report. Had Janis's attorney done so, she would have discovered SHRA's potential liability in time to file a timely claim. Her failure to do so was not excusable within the meaning of section 946.6. The trial court found "there was no diligence" on the part of the attorney, and, on these facts, we cannot say it abused its discretion in so finding.

We need only briefly address Janis's argument that the failure to file a timely claim was caused by a calendaring error, and his citation to cases that hold " 'calendar errors by an attorney or a member of his staff are, under appropriate circumstances,

7

excusable.' " (*Flores v. Board of Supervisors* (1970) 13 Cal.App.3d 480, 483; see also *Nilsson v. Los Angeles* (1967) 249 Cal.App.2d 976, 983 [same].) This was not a calendaring error case. It would have been a calendaring error case if the attorney had instructed her secretary to calendar the claim deadline for six months after the accident and the secretary failed to calendar it or mistakenly calendared it beyond the claim deadline. The error in this case was the attorney's failure to follow up after ordering the Report, and for the reasons just stated, we find the trial court did not abuse its discretion in finding that error was not excusable within the meaning of section 946.6.

## DISPOSITION

The order denying the petition is affirmed. SHRA shall recover its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)


                                        /s/
                                EARL, P. J.



We concur:



    /s/
ROBIE, J.



    /s/
MESIWALA, J.


8