Filed 4/30/25  Pappas v. Trustees of the Cal. State University CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| SHIRLYN PAPPAS, Plaintiff and Appellant, v. TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, Defendant and Respondent. | D084860 (Super. Ct. No. 37-2023-00047390-CU-PO-CTL) |


APPEAL from an order of the Superior Court of San Diego County, Michael T. Smyth, Judge.  Affirmed.

Wilshire Law Firm and Sutton Shapiro, for Plaintiff and Appellant.

Bremer Whyte Brown & O'Meara, John Paul Salem, and Scott D. Hoy, for Defendant and Respondent.


Shirlyn Pappas appeals from an order denying her petition for relief from the claim presentation requirements of the Government Claims Act (the Act, Gov. Code, § 810 et seq.[1]).  She argues the trial court abused its

---

[1]     Undesignated statutory references are to the Government Code.

discretion in denying her petition for relief due to the mistake or excusable neglect of her attorney. Finding no abuse of discretion, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 21, 2023,[2] Pappas attended an event at Snapdragon Stadium (the Stadium) in San Diego when a metal water bottle struck the top of her head. On March 14, Pappas's attorney (Attorney) sent a letter to the Stadium requesting insurance information but received no response. Attorney investigated the ownership of the Stadium and confused the Stadium with a facility known, at various times, as San Diego Stadium, Jack Murphy Stadium, and Qualcomm Stadium.

On July 18, Attorney presented written claims for damages to the City of San Diego (City) and the County of San Diego (County). On August 1, the County sent a "Notice of Insufficient Claim" stating no action would be taken on the claim. On September 11, the City sent a letter stating it did not own the property. In further communications regarding the deficiencies, Attorney learned in or around mid-October that California State University (University) owns the Stadium. On October 18, Attorney applied to the University for leave to present a late claim. After the University denied the request, Attorney filed a petition for relief from the claim presentation requirements of the Act in July 2024. The trial court denied the petition, finding Attorney's mistake inexcusable.

## DISCUSSION

A. *Legal Principles*

Before suing a public entity for damages, a party must first file a claim with the entity (§§ 905, 910, 945.4) within six months of the injury (§ 911.2, subd. (a)). If the claim is late, the party may apply to the public entity for

---

[2] Undesignated date references are to 2023.

leave to file a late claim (§ 911.4, subd. (a)), if the application is submitted within one year of the injury and explains the reason for the delay (*id.* at subd. (b)).  A timely application for leave must be granted if the delay was due to mistake, inadvertence, surprise, or excusable neglect, and the entity was not prejudiced by it.  (§ 911.6, subd. (b)(1)).

If the request is denied, the injured party has six months from the denial to ask the trial court to excuse the failure to file a timely claim. (§§ 945.4, 946.6, subd. (a)-(b).)  The petition must explain why the claim was not filed within the initial six-month period.  (§ 946.6, subd. (b)(2).)  The court must grant relief if, among other things, the delay was due to mistake, inadvertence, surprise, or excusable neglect.  (*Id.* at subd. (c)(1).)  The trial court independently reviews the petition and any supporting evidence.  (*Id.* at subd. (e).)

To obtain relief under section 946.6, subdivision (c)(1), simply stating that the delay was due to mistake, inadvertence, surprise, or excusable neglect is not enough.  The claimant must show that the failure to file on time was reasonable under the objective "reasonably prudent person" standard.  (*N.G. v. County of San Diego* (2020) 59 Cal.App.5th 63, 73–74 (*N.G.*).)  Excusable neglect is defined as conduct that a reasonably careful person might have committed under the circumstances.  (*Id.* at p. 74.)  A petitioner must also demonstrate reasonable diligence.  If the claim is based on ignorance of a fact or failure to act, the petitioner must prove—by a preponderance of the evidence—that even with reasonable diligence, they could not have discovered the fact or acted on it in time.  (*Ibid.*)  Whether to grant relief under section 946.6 is up to the trial court's discretion and will not be overturned on appeal unless there is an abuse of that discretion.  (*N.G.* at p. 73.)

B. *Analysis*

Pappas was injured on January 21, giving her until July 21 to timely present her claim to the University. (§ 911.2, subd. (a).) Although she did not submit her claim within that six-month period, she did file an application for leave to present a late claim within one year of the injury, as permitted by statute. (§ 911.4, subd. (b).) She argues the trial court abused its discretion in denying her application, asserting Attorney was reasonably mistaken about the Stadium's ownership due to confusion over similarly named stadiums in the area.

After mailing a notice of potential claim to the Stadium and receiving no response, Attorney represented that he conducted a reasonable investigation and was surprised to discover that a public entity owns and operates the facility. However, we cannot conclude that counsel acted as a reasonably careful person under the circumstances. (*N.G., supra*, 59 Cal.App.5th at p. 74.) His explanation regarding confusion over the Stadium's name is unpersuasive, as he correctly identified the Stadium as "Snapdragon Stadium" in a letter sent three months after the incident. Moreover, as the trial court noted, to the extent there was uncertainty about ownership, that information was readily accessible through a basic Internet search, which would have revealed the University's potential liability.

The University presented evidence showing that the Stadium has its own website, which, under the "About" and "Vision" tabs, identifies "San Diego State University"—a public entity—as the owner.[3] The University also submitted a Wikipedia article detailing the Stadium's history

---

[3] See <https://www.snapdragonstadium.com/about/vision> [as of Apr. 24, 2025].

4

and listing the University as the owner.[4]  Attorney could have easily contacted the Stadium through its website to inquire about ownership.[5] Although Attorney asserts he investigated the Stadium's ownership, his declaration contains no specifics regarding the steps he took.

When, as here, readily available sources could have disclosed the potential liability of a public entity, failure to use those sources is deemed inexcusable.  (*Dept. of Water & Power v. Superior Court* (2000) 82 Cal.App.4th 1288, 1294.)  Attorney's unexplained failure to take such minimal investigative steps was unreasonable and is imputed to Pappas under section 946.6.  (*Ebersol v. Cowan* (1983) 35 Cal.3d 427, 435–436.)  On this record, the trial court acted well within its discretion in denying Pappas's application for leave to file a late claim.

---

[4]     See <https://en.wikipedia.org/wiki/Snapdragon_Stadium> [as of Apr. 24, 2025].

[5]     See < https://www.snapdragonstadium.com/connect/contact-us> [as of Apr. 24, 2025].

DISPOSITION

The order is affirmed. The Trustees of the California State University is awarded its costs on appeal.


KELETY, J.

WE CONCUR:


O'ROURKE, Acting P. J.


BUCHANAN, J.

6